JOHNSIE GREEN, by Her Next Friend, DOROTHY S. GREEN, v.
CHARLES R. GREEN.

(Filed 20 May, 1936.)

**1. Parent and Child B a—**

Where the parents of a minor child have been divorced and the custody of the child awarded the mother, the minor child, by a next friend, may sue the father for support.

**2. Parent and Child A b: Divorce F b—**

The liability of a father for the support of his minor child is not terminated by a divorce from the child's mother, even though the custody of the child is awarded its mother.

**3. Parent and Child B a:  Divorce F a—**

A minor child of divorced parents is not relegated to a motion in the divorce action to force her father to provide for her support, but may maintain an independent action therefor, the child not being a party to the divorce action.

**4. Parent and Child B a—**

A child of divorced parents is not entitled to an allowance of counsel fees and suit money *pendente lite* in her action against her father to force him to provide for her support, the statutes, C. S., 1666, 1667, applying only to actions instituted by the wife, and such right not existing at common law.

APPEAL by plaintiff from *Rousseau, J.*, at March Term, 1936, of GUILFORD.

This was an action instituted by Johnsie Green, an infant of six years, against Charles R. Green, her father, for support and maintenance, and also for counsel fees *pendente lite*. The action was begun in the municipal court of the city of High Point.

Plaintiff alleged that the defendant, her father, had abandoned her and failed and refused to support her; that she has no means of support and has been dependent upon charity; that the defendant is able to pay for her support, and that she is unable to pay counsel for bringing and prosecuting this action, and she asks that defendant be required to provide for her support, and to pay a reasonable amount for counsel fees.

Defendant, answering, denied that he was the father of the plaintiff; alleged that he was married to her mother, Dorothy S. Green, in 1922, and that he obtained an absolute divorce from her in 1934, in the Superior Court of Forsyth County, and denied he was under any obligation to support the plaintiff, or to pay her counsel fees.

The judge of the municipal court held that as a matter of law he could not allow plaintiff counsel fees or support pending the trial, and further sustained the motion of the defendant to dismiss the action on the ground that the Superior Court of Forsyth County, in which the divorce action between Chas. R. Green and Dorothy S. Green was tried, had exclusive jurisdiction to determine the maintenance of the plaintiff Johnsie Green.

Upon appeal to the Superior Court of Guilford County the ruling of the municipal court was sustained and the action dismissed. From judgment of the Superior Court, plaintiff appealed to this Court.

*Walser & Wright for plaintiff.*
*W. T. Wilson for defendant.*

DEVIN, J.  Plaintiff's appeal challenges the correctness of the ruling of the court below upon two points:

1. Can an infant maintain an action against her father for support?
2. And, if so, may she have an allowance for counsel fees?

The first question must be answered "Yes" and the second "No."

1. It is held in *Lynn Sanders and J. D. Sanders, by Their Next Friend, W. J. Pratt, v. R. M. Sanders,* 167 N. C., 319: "There can be no controversy that the father is under a legal as well as a moral duty to support his infant children (*Walker v. Crowder,* 37 N. C., 487), and, if he has the ability to do so, whether they have property or not. *Hagler v. McCombs,* 66 N. C., 345. There is a natural obligation to support even illegitimate children which the law not only recognizes, but enforces. *Burton v. Belvin,* 142 N. C., 153; *Kimborough v. Davis,* 16 N. C., 74."

The liability of the father primarily to support the children remains as well after as before divorce, and even when the custody of the children has been awarded to the mother. 14 Cyc., 812, 9 A. & E. (2d Ed.), 871.

It was held in *Small v. Morrison,* 185 N. C., 577, that an unemancipated child could not sue the father for a tort (there the alleged negligent operation of an automobile). Recovery was denied in that case upon the sound principle of the necessity of preserving the peace and privacy of the home and maintaining harmony in the domestic relations and family life. The ground upon which the right of action for tort by a child against a parent has been generally denied has been that, the family being the social unit, such actions would tend to undermine the influence of the home and were inconsistent with the family relation while it existed. *Wick v. Wick,* 192 Wis., 260; 52 A. L. R., 1113.

But, as pointed out in the well considered case of *Small v. Morrison, supra,* a distinction is made where the family relation had already been dissolved or disturbed and its harmony rudely shattered by the action of the father, quoting from *Hewlett v. George,* 68 Miss., 703, and *Roller v. Roller,* 37 Wash., 242.

Here it is alleged that defendant had obtained a divorce from plaintiff's mother, had abandoned the plaintiff to the precarious support of charity, and denied her paternity. There was no family life to be preserved.

The right of an illegitimate child to maintain an action against his father was upheld in *Hyatt v. McCoy,* 195 N. C., 762.

Nor was plaintiff Johnsie Green relegated to a motion in the cause in the case of "Charles R. Green v. Dorothy Green" in the Superior Court of Forsyth County. That remedy would have been exclusive had the mother, Dorothy Green, brought a proceeding against the defendant for an allowance to her for the support of the child. *In re Blake,* 184 N. C., 278; *In re Albertson,* 207 N. C., 553. But here the suit is by the child in her own right against the father to enforce the performance of his statutory obligation to support his child. She was not a party to the

action in Forsyth County, nor could the issues raised by the pleadings in this action be properly determined there.

2. Upon the second question presented, there is no statute or principle of law recognized by this Court whereby plaintiff can require the defendant to pay counsel fees or maintenance *pendente lite,* in an action of this kind.

C. S., 1666 and 1667, specifically refer to actions for divorce or for alimony. These sections confer a right only on the wife. While the principle is recognized that, under the common law, based on rulings and precedents of the ecclesiastical law of England, which still prevails to some extent as the basis for our State jurisprudence, the wife may have awarded to her in proper cases, independent of the statute, an allowance for counsel fees and suit money *pendente lite* (*Medlin v. Medlin,* 175 N. C., 529; *Allen v. Allen,* 180 N. C., 465-67), this rule does not apply to an action by the child against her father. Neither by statute nor by the common law is she entitled to such an allowance.

It follows, therefore, that the ruling of the court below denying allowance to plaintiff for counsel fees and support pending the action was proper, and that the judgment dismissing the action must be

Reversed.