LOEE PICKELSIMER, NEXT FRIEND OF PEGGIE JEW CRITCHER, A MINOR, v. WILLIAM S. CRITCHER.

(Filed 25 November, 1936.)

**Parent and Child B a—**

> A child who has been abandoned by its father may maintain a suit by a next friend against the father to force the father to contribute to its support.

APPEAL by plaintiff from *Barnhill, J.,* at February Term, 1936, of FRANKLIN.  Reversed.

It is alleged in the complaint in this action that the plaintiff Peggie Jew Critcher is a minor, and that she appears in this action by her duly appointed next friend, Loee Pickelsimer; that the defendant William S. Critcher is the father of the plaintiff; that he has not paid any sum whatsoever for the support and maintenance of the plaintiff since her birth, and has abandoned her; and that the defendant is amply able financially to provide for the support and maintenance of the plaintiff.

On these allegations the plaintiff prays judgment that the defendant pay to the plaintiff the sum of $50.00 per month for her support and maintenance during her minority.

The action was heard on defendant's demurrer *ore tenus* to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action. The demurrer was sustained.

From judgment dismissing the action, the plaintiff appealed to the Supreme Court, assigning error in the judgment.

*J. P. & J. H. Zollicoffer and Yarborough & Yarborough for plaintiff. No counsel for defendant.*

PER CURIAM. There is error in the judgment dismissing this action. The judgment must be reversed on the authority of *Green v. Green, ante,* 147, 185 S. E., 651. In that case it is held that an infant appearing by its next friend can maintain an action against its father for support and maintenance, notwithstanding the bonds of matrimony between its father and mother have been dissolved by a judgment of divorce, and notwithstanding the infant is the illegitimate child of the father. It is said that there can be no controversy that the father is under a legal as well as a moral duty to support his infant child, and if he has the ability to do so, whether the child has property or not. There is a natural obligation to support even an illegitimate child which the law not only recognizes, but enforces.

This action was heard in the Superior Court before the opinion in *Green v. Green, supra,* was filed. The decision in that case is fully supported by the authorities cited in the opinion by *Devin, J.,* and is determinative of the question presented by this appeal.

Reversed.