SYBAL BRYANT, MARTHA BRYANT, FANNIE BRYANT, AND PERRY BRYANT, JR., BY THEIR NEXT FRIEND, C. H. LEGGETT, v. PERRY BRYANT AND ARTHUR J. BRYANT.

(Filed 22 September, 1937.)

1. **Parent and Child § 5—Minor children may not maintain action against father for past support furnished by another.**

Where the personal estate of minor children has not been invaded for their support, but such support has been furnished by their mother and her family, the children may not maintain an action by their next friend against their father for such past support, such right of action being in those who furnished the support, and since they are not his creditors for the support furnished them, they may not attack his conveyance of his property as being in fraud of their rights.

2. **Fraudulent Conveyances § 10—Presumption under C. S., 1005, arises only in favor of creditors of grantor at time of conveyance.**

Minor children are not creditors of their father for their past support furnished them by another, and for which their personal estate was not invaded, and a conveyance executed by him prior to the institution of their action may not be set aside by them under C. S., 1005.

3. **Fraudulent Conveyances § 12—Evidence of fraud in execution of deed held insufficient to be submitted to the jury.**

In this action by minor children against their father for support and to set aside a conveyance executed by him prior to the institution of the action, the evidence *is held* insufficient to be submitted to the jury on the issue of actual fraud in the execution of the instrument, or that the grantee knew and participated in the alleged fraud.

4. **Parent and Child § 5—Minor children may maintain action against their father to compel him to provide for their future support.**

Abandoned minor children may maintain an action by their next friend to compel their father to provide for their future support, and where their complaint prays such relief, but the case is tried solely on the question of their right to past support, and the judgment in their favor on this issue is not sustained on appeal for that the evidence shows that their past support was furnished by another and was not paid for from their personal estate, the cause should be retained for trial upon their right to recover future support.

THIS is a civil action, tried before *Frizzelle, J.,* and a jury, at the March-April Term, 1937, of EDGECOMBE.

The plaintiffs, aged 16, 15, 12 and 9 years of age, respectively, are the infant children of the defendant Perry Bryant and his former wife, Myrtle Bryant, now Mrs. W. B. Knox, and this action is instituted to recover for the support of said infants prior to the institution of the action and for future support. The plaintiffs likewise seek to annul

a deed from the defendant Perry Bryant to the defendant Arthur J. Bryant upon the allegation that said deed was executed in fraud of the plaintiffs' rights.

Issues were submitted to the jury and answered as follows:

"1. Did the defendant Perry Bryant willfully abandon and desert his minor children, as alleged in the complaint? Answer: 'Yes.'

"2. Did the defendant Perry Bryant convey his interest in the land described in the complaint with intent to defraud his minor children and wrongfully escape his obligation to support them? Answer: 'Yes.'

"3. If so, did the defendant Arthur J. Bryant participate in said fraudulent scheme by accepting the conveyance of said premises from his codefendant, Perry Bryant, with knowledge of the purpose and intent of said Perry Bryant to defraud his minor children and to escape his obligation to support them? Answer: 'Yes.'

"4. What amount, if any, are the plaintiffs entitled to recover of the defendant Perry Bryant? Answer: '$800.00.'"

From judgment upon the verdict in favor of the plaintiffs, the defendants appealed.

*George M. Fountain & Son and Herbert H. Taylor, Jr., for plaintiffs, appellees.*

*H. H. Philips for defendants, appellants.*

BARNHILL, J. The evidence in this cause, considered in the light most favorable to the plaintiffs, tends to show: That the defendant Perry Bryant and his wife, Myrtle Bryant, separated in 1927; that in April, 1929, the defendant Perry Bryant was convicted under a warrant charging him with abandonment and nonsupport of his wife and children; that judgment was entered requiring said defendant to pay to the use of his wife and children $25.00 per month until the sum of $500.00 was paid; that since the year 1930 Perry Bryant has not made any contribution towards the support of his said children except that the plaintiff Madeline Bryant has been living with him for a short period; and that the mother of said children and members of her family have supported the plaintiffs during said period, except for the time Madeline Bryant has lived with her father and Sybal Bryant, now married, has lived with her husband; that in the spring of 1936 the plaintiffs, through their next friend, instituted a similar suit against Perry Bryant, now a resident of California; that in said suit constructive service of process was attempted without attachment; that while this former suit was pending Perry Bryant returned to North Carolina and executed a deed for the premises in controversy to his brother, the defendant Arthur J. Bryant, for a recited consideration of $100.00 and other valuable con-

siderations; that the grantors in said paper writing did not go before the clerk of the court, or a notary public, or a justice of the peace, who were convenient to the office of the lawyer who wrote the deed, but instead went before a notary public some distance away and acknowledged the execution of same; that while said former action was pending and before the execution of said deed, counsel for the plaintiff had a conversation with the defendant Arthur J. Bryant, in which he advised the said Bryant that he was seeking to have the lands of the defendant Perry Bryant in Edgecombe County subjected to the payment of reasonable support for the plaintiffs, and further advised him that an action was pending for that purpose; that when Perry Bryant returned to North Carolina he did not make any effort to see his children and made no contribution to their support; that the consideration for the execution of said deed was $100.00 cash, the cancellation of a $300.00 debt, which was barred by the statute of limitations, and the assumption by Arthur J. Bryant of the balance due on a testamentary charge against the interest of Perry Bryant in said land after first crediting said charge with the proceeds of Perry Bryant's interest in the personal estate of his father.

The former suit was dismissed for defective service of summons and this action was instituted.

While the plaintiffs, in their complaint, seek to recover for future support, as well as for past support, an examination of the record discloses that the jury attempted to award compensation for support up to the date of the trial only. The court, in its charge, called the attention of the jury to the fact that the plaintiffs were seeking to recover $750.00 compensation for support up to the date of the institution of the action, and in that connection instructed them that a computation upon the basis of the evidence would exceed $750.00, but that the jury was restricted to the amount plaintiffs prayed for in their complaint. He further instructed the jury that the plaintiffs were seeking to recover $5.00 per month each for the two then living with their mother, since the filing of the complaint. This would make $10.00 per month, and the cause was tried approximately five months after the institution of the action. Thus, it is apparent the jury allowed $750.00 for support to the date of the institution of the action and $50.00 for support from the date of the institution of the action to the date of trial, making the total of $800.00, which was the answer to the fourth issue.

The complaint as filed was not sufficient to bring the action within the terms of C. S., 1005. During the trial plaintiffs were permitted to amend the complaint so as to incorporate sufficient allegations to bring the action within the terms of that statute. During the progress of the

trial; in his charge to the jury, the trial judge instructed the jury, in effect, that the plaintiffs had failed to bring their cause of action within the terms of C. S., 1005, and the issues were submitted to the jury upon the theory that the plaintiffs were required to show actual fraud as contemplated by the original complaint.

Treating this cause as if it was, or should have been, submitted to the jury under the terms of C. S., 1005, giving the plaintiffs the benefit of such presumption of fraud as might arise upon the evidence that the defendant Perry Bryant had conveyed the land in controversy to a near relative, plaintiffs' action must fail for the reason that they have not established the fact that they were creditors of the defendant Perry Bryant at the time of the institution of the action. Such support as they had received had come from their mother and members of her family. Their personal estates had not been invaded to pay any part of the cost of their maintenance. The cause of action, if any, arising upon these facts, rested in the mother and not in the children.

The one determinative question presented to us upon the appeal of Arthur J. Bryant is: Was there sufficient evidence of fraud in the execution of the deed from Perry Bryant to Arthur J. Bryant to be submitted to the jury? We are constrained to answer this question in the negative. Under no view of the testimony is a finding that said conveyance was fraudulent, or that the defendant Arthur J. Bryant knew and participated therein, warranted.

This Court has heretofore held that children abandoned by their father may institute an action to compel future support. *Green v. Green*, 210 N. C., 147; *Pickelsimer v. Critcher*, 210 N. C., 779. These cases are not in point and are not authoritative in this action. In neither of those cases was past support furnished by another the subject matter of the action.

While the defendant Perry Bryant was served with summons by publication, he filed an answer and is now in court. In their complaint the plaintiffs prayed that the said defendant be compelled to provide them with future support under the authority of *Green v. Green, supra,* and *Pickelsimer v. Critcher, supra.* The judgment below, entered in accordance with this opinion, should provide that the cause be retained upon the docket to determine the rights of the plaintiffs under said prayer for relief upon proper issues to be submitted to a jury.

The motion of A. J. Bryant for judgment as of nonsuit should have been allowed.

Reversed as to A. J. Bryant.

New trial as to Perry Bryant.