Augusta Goodman, petitioner,

*v.*

Philip Goodman, defendant.

[Decided November 15th, 1937.]

*Mr. Charles M. Grosman,* for the petitioner.

*Messrs. Isserman & Isserman,* for the defendant.

HERR, A. M.

On June 15th, 1931, petitioner secured a decree of absolute divorce against defendant in the Supreme Court of the State of New York. Both parties were then domiciled in that state. The decree included an order granting to her the custody of an infant son of the marriage and an allowance of $15 per week for his support. In November, 1934, the order was modified by reducing the allowance to $7 per week. This reduced allowance has since been paid by defendant without default. Petitioner and the child remain domiciled in New York, but defendant now resides in New Jersey and has been personally served here with process in this suit.

The petition alleges three causes of action. In the first count the petitioner seeks to recover a lump sum for alleged arrearages under the 1931 decree, at the rate of $8 per week from December, 1934, charging that the order reducing the allowance was based upon defendant's fraudulent misrepresentation that he was unable to pay the allowance originally fixed. Under the second count she seeks the decree of this court for the payment of a $15 per week allowance *in futuro,* and (as an additional cause of action) the sum of $437.70 for medical and hospital expenses heretofore incurred by her for the benefit of the child.

The matter now comes before the court upon motion of the defendant to strike the petition, on the ground that this court is without jurisdiction over any one of the alleged causes of action.

In my judgment, the first count sets up no cause of action of which this court has jurisdiction. Assuming that the order reducing the allowance was entered as the result of such fraud as to require that it be vacated, it is not fraud upon the jurisdiction, but intrinsic, inhering in the cause itself, and not legally a basis for collateral attack. *Wilson* v. *Anthony, 72 N. J. Eq. 836; 66 Atl. Rep. 907; 32 L. R. A. (N. S.) 905, note; 88 A. L. R. 1201, note.* Even if petitioner might be heard here to impeach the order of the New York court it would not avail her, for the reason that the mere vacation of the order could not operate retroactively so as to reinstate defendant's obligation to pay the full $15 per week allowance fixed by the original decree. Nothing short of a positive and unequivocal adjudication to that effect could accomplish such a result. *Sistaire* v. *Sistaire, 218 U. S. 1, 22; 54 L. Ed. 905; 30 S. Ct. 682; 28 L. R. A. (N. S.) 1068.* Such an adjudication can be made only by the New York court. *Royal Arcanum* v. *Carley, 52 N. J. Eq. 642, 649; 29 Atl. Rep. 754.*

The jurisdiction of the New York court has not been divested because of the removal of the defendant's residence to New Jersey. It may grant relief to the petitioner on notice to the defendant outside of the state. *White* v. *White, 65 N. J. Eq. 743, 747; 55 Atl. Rep. 739; Dixon* v. *Dixon, 72 N. J. Eq. 588, 592; 66 Atl. Rep. 597; Dunn* v. *Clarke, 8 Pet. (U. S.) 1; 8 L. Ed. 845; 15 C. J. 822.* If she secures a deficiency decree in that court she may bring suit at law thereon in New Jersey. *Bullock* v. *Bullock, 57 N. J. Law 508; 31 Atl. Rep. 1024; Kossower* v. *Kossower, 142 Atl. Rep. 30.*

Petitioner's second cause of action is premised upon section 6 of the Minor's act of 1902 (*2 Comp. Stat. p. 2809*), as amended in 1936 (*P. L. 1936 ch. 247; N. J. Stat. Annual 1936 § 97-18*), and upon section 25 of the Divorce act. *P. L.*

*1933 ch. 145; N. J. Stat. Annual 1933 § 62-25.* Jurisdiction under section 6 of the Minors' act is predicated upon the child's being an inhabitant of this state. It is apparent from an inspection of the petition that the child is not an inhabitant of New Jersey, but of New York. Hence no cause of action under the Minors' act is presented.

May the second count of the petition be retained as a suit for the maintenance of the child under section 25 of the Divorce act? In *Noel* v. *Noel, 15 N. J. Mis. R. 576; 193 Atl. Rep. 558,* this court held that where there has been no adjudication with respect to alimony, an ex-wife who has secured her divorce in a foreign tribunal may maintain an independent suit for alimony in New Jersey under section 25 of the Divorce act, upon personal service of process in this state. Although in that case the husband was under contract to maintain his wife, her suit was based not upon the contract but upon the defendant's obligation arising out of the past marriage status. The decree rested upon that obligation, not upon the contract. Does the fact that the New York court has made a maintenance award in petitioner's favor take this case out of the rule established in the *Noel Case?* So far as this question is concerned there is no distinction to be made between alimony for the wife and maintenance for the children. *Ziesel* v. *Ziesel, 93 N. J. Eq. 153, 157; 115 Atl. Rep. 435; Hatch* v. *Hatch, 15 N. J. Mis. R. 461, 466; 192 Atl. Rep. 241.*

Whatever may have been the extent of the father's common law duty to provide for his children (see *Murphy* v. *Murphy, 102 N. J. Eq. 552, 554; 141 Atl. Rep. 774; Meier* v. *Planer, 107 N. J. Eq. 398, 402; 152 Atl. Rep. 246; Maloney* v. *Maloney, 12 N. J. Mis. R. 397, 408; 174 Atl. Rep. 28; Cf. Freeman* v. *Robinson, 38 N. J. Law 383),* his liability is established by statute in this state. In proceedings brought by the wife or ex-wife under the Divorce act she may be awarded an allowance for the support of the children of the marriage in her custody, under the conditions prescribed in sections 25 and 26. Taken together, these sections establish a single legislative plan for the enforcement of the husband's

obligation to support his wife (or his ex-wife who has divorced him) and the children of the marriage in her custody. No domiciliary or residential conditions are prescribed. So far as jurisdiction over the defendant is concerned, the cause of action differs in no respect from a creditor's cause of action for the collection of an ordinary debt. *Noel* v. *Noel, supra.* It has long been established that separate maintenance may be decreed under section 26 of the Divorce act to a wife who has secured a foreign decree of divorce *a mensa et thoro,* containing a maintenance provision. *Freund* v. *Freund, 71 N. J. Eq. 524; 63 Atl. Rep. 756; affirmed, 72 N. J. Eq. 943; 73 Atl. Rep. 1117; Tehsman* v. *Tehsman, 93 N. J. Eq. 76; 114 Atl. Rep. 320; affirmed, 93 N. J. Eq. 422; 117 Atl. Rep. 34.* In each of these cases, it is true, the husband had completely failed to comply with the foreign maintenance order, but upon reason the same result would have followed if his failure had been partial, or if through changed circumstances the provision made by the foreign court had become inadequate. The same reason applies to proceedings brought under section 25 of the Divorce act: the decree of the foreign court, being subject to future modification, is not in the nature of a final judgment.

The common law obligation of a man to support his wife follows him wherever he goes, and if he comes to New Jersey he is liable also for the support of his children under our statutory provisions. If this court secures jurisdiction over his person, or seizes his property located in this state, it may enforce both of these obligations, against his person or his property as the case may be, whether wife or children be domiciled in New Jersey or elsewhere. "State boundaries do not make court barriers." *Gasteiger* v. *Gasteiger, 5 N. J. Mis. R. 315, 317; 136 Atl. Rep. 497.* These obligations, as such, persist independently of any order or decree fixing their measure, just as they exist independently of a contract. They do not merge into such an order or decree so as to lose their identity as primary obligations, in the sense that a debt becomes merged into a judgment. Because of the continuing nature of the obligations, orders and decrees for their liquidation and enforcement are of but temporary application.

They do not create or even modify the obligations, but merely have to do with their enforcement. *Lynde* v. *Lynde, 64 N. J. Eq. 736, 751; 52 Atl. Rep. 694; Dietrick* v. *Dietrick, 88 N. J. Eq. 560, 561; Maloney* v. *Maloney, supra.*

The petition filed in this cause alleges facts sufficient to show a change of circumstances of the parties since the time of the entry of the New York decree. If the decree had any *res judicata* effect with respect to the amount of the award, such effect did not survive a substantial change in the circumstances of the parties after its entry, so that the petitioner is not foreclosed in her action under the doctrines of *res judicata* or election of remedies. See *In re Erving, 109 N. J. Eq. 294; 157 Atl. Rep. 161; Freund* v. *Freund, supra; Tehsman* v. *Tehsman, supra.* Nor does the fact that the defendant may presently be complying with the New York order of November, 1934, operate to prevent the vesting of concurrent jurisdiction in this court to make an award, greater than that originally fixed if present circumstances require it.

Ought this court to exercise its concurrent jurisdiction under the circumstances presented by the petition? It is under no legislative mandate to do so. *Hatch* v. *Hatch, supra.* If the circumstances of the case do not require its exercise, considerations of comity and propriety will move the court to decline to entertain a suit when a foreign court has first assumed jurisdiction of the subject-matter. But in the instant case the fact that the New York court cannot carry its orders into effect because of defendant's removal from the state is a practical circumstance justifying the exercise of this court's concurrent jurisdiction. If the petitioner were forced to seek relief in the New York court, she could not compel obedience to its orders except by bringing a second proceeding against him wherever he can be reached with process of execution. Equity is reluctant to encourage a multiplicity of suits. Furthermore, and more important, the petitioner would be unable to execute her award in New Jersey, even after bringing her suit here, except by process against the defendant's property, if he have any. She could not execute it against his person, because her New York

award would be in the nature of a simple debt when sued upon in New Jersey and a judgment thereon would be unenforceable by proceedings in contempt (*Aspinwall* v. *Aspinwall, 53 N. J. Eq. 684, 686; 33 Atl. Rep. 470*), and because, since she is no longer the defendant's wife, her New Jersey action would lie only in the law courts. Since this court can afford petitioner, in her present proceeding, more direct and effective relief than the New York court is able to extend to her under present conditions, it is fully justified in assuming jurisdiction of this suit. *Hatch* v. *Hatch, supra.*

Petitioner's additional claim for payment of medical and hospital charges heretofore incurred by her for the child's benefit, if it be a valid claim (see *Murphy* v. *Murphy, supra*) is within the jurisdiction of the New York court. This court has no power to grant relief for the reason that the obligations were incurred before the commencement of this suit. If the New York court awards petitioner a judgment, ancillary relief may doubtless be extended to her in an action at law in this state.

No point is made of the fact that petitioner has attempted to invoke the jurisdiction of the court by petition instead of by bill. In the absence of statutory authorization the original jurisdiction of this court in adversary cases must be invoked by bill. No such statute applicable to the present instance has been brought to the court's attention. The Divorce act (section 10) provides that suits for divorce and nullity under the act shall be commenced by petition. A plenary suit for alimony or maintenance under section 25 or 26 is not within this statutory provision. The present proceeding by petition is therefore erroneous, and would have to be dismissed were it not for the fifth section of the Chancery act of 1915 (*P. L. 1915 ch. 116*), which provides that the court may order proper amendments to be made. *In re Kiger, 98 N. J. Eq. 512; 131 Atl. Rep. 95; Grobholz* v. *Merdel Mortgage Investment Co., 115 N. J. Eq. 411, 423; 170 Atl. Rep. 815.*

The petition may be amended accordingly into a bill for the present maintenance of the child under section 25 of the Divorce act. In all other respects the motion to strike will prevail.