Turnage *v*. Tyler.

(Division B.   Oct. 24, 1938.)

[184 So. 52. No. 33352.]

**A. B. Amis, Jr.,** and **W. A. Johnson,** both of Newton, for appellant.

**O. B. Triplett, Jr.,** of Forest, for appellee.

Argued orally by **W. A. Johnson**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

On July 18th, 1929, the appellee obtained a decree of divorce from appellant in the Chancery Court of· Lawrence County, Mississippi. The bill of complaint sought neither alimony nor the award of the custody of the two children born of the marriage. Thereafter, she filed a petition in the Civil District Court for the Parish of Orleans, Louisiana, and obtained an award of alimony of $20 per month for the support and maintenance of the children. Later, the award was reduced by the court, with the consent of the petitioner. Finally, she filed the present suit in the Chancery Court of Newton County, Mississippi, where the appellant was then residing, and alleged that the children had grown older; that their needs and requirements had become greater; that .the appellant had steady employment; that she had found it necessary to supplement the former award for the support and maintenance of the children; and asked said Court to award her a monthly allowance commensurate with their present needs. An allowance of $20 per month was made for that purpose, and the appellant was required to reimburse the appellee for the sum of $72 expended by her for medical treatment for the children. From this decree an appeal is prosecuted, and it is contended, (1) that the Chancery Court of Newton County was without jurisdiction, (2) that the decree

of the Civil District Court of Louisiana is res adjudicata. Both of these contentions must be decided against the appellant under the authority of the cases Schneider v. Schneider, 155 Miss. 621, 125 So. 91; and Gallant v. Gallant, 154 Miss. 832, 123 So. 883, respectively.

Moreover, the award in the present case, we think, is reasonable when the needs and requirements of the children are considered in connection with the income of the appellant.

Affirmed.