66 So.2d 689 (1953)
LOPEZ
v.
AVERY.
Supreme Court of Florida, Special Division B.
July 28, 1953.
*690 A.M. Crabtree, Jr., Jacksonville, for appellant.
John F. Muckerman, Miami Beach, for appellee.
SEBRING, Justice.
Dorothy Avery Lopez, the plaintiff below, has appealed from an order granting a motion to dismiss her amended complaint. The facts necessary to a decision are simple: The plaintiff and the defendant were married in Dade County, Florida, in 1943. The following year a boy child was born to the marriage. In October of 1945 the parties separated and in December, 1945, the husband instituted suit for divorce in the State of Missouri. The wife, who was then, and still is, a resident of Florida, personally defended the suit and during the course of the litigation entered into an agreement with the husband for a property settlement, child support and custody. Under the terms of the agreement, which was executed by the wife at Miami, Florida, the wife was given complete care and custody of the minor son and the husband agreed to pay to the wife the sum of $100 monthly solely as support money for the child. In March 1946, the Missouri court having jurisdiction of the parties and the cause approved the support agreement by a final decree of divorce entered in favor of the husband, and since the entry of the decree he has complied with its terms in every particular.
In April 1952, the plaintiff filed a complaint in the Circuit Court of Duval County, Florida, the county in which she was then residing with the minor son, for the entry of an order modifying the terms and conditions of the settlement agreement, and the final decree of the Missouri court confirming the same, so far as they pertained to support money for the child. In the petition the wife alleged the facts heretofore stated, and alleged further, that due to the increase in the cost of living, the increase in the age of the minor son, and the fact that the father's annual income had increased appreciably since the execution of the agreement, the sum of $100 a month for the support of the child was grossly inadequate.
The defendant husband, who was then temporarily in Florida on vacation, was personally served with process in the proceeding. Subsequently, he filed a motion to dismiss the complaint upon the grounds that the Florida court was without jurisdiction over the subject matter and the defendant, and that the petition failed to state a claim upon which relief could be granted.
The trial court granted the motion to dismiss the complaint with leave to amend. *691 Thereafter, the plaintiff filed her amended complaint in the cause alleging therein all the facts stated in the original complaint and averring, further, that the minor child of the parties had resided with the plaintiff in Florida since October 1945, with the exception of 3 months of each year which were spent in Missouri visiting the father, and that the final decree theretofore entered in Missouri had not been appealed from or modified.
The prayer of the amended complaint was that the Circuit Court of Duval County establish the Missouri final decree as a Florida decree, and, after its establishment, that the Circuit Court of Duval County modify the terms and conditions thereof relating to the support of the minor child by increasing the amount to be paid by the defendant to the plaintiff for the care and support of the child of the parties.
The defendant moved to dismiss the amended complaint upon the same grounds as were asserted in his motion to dismiss the original petition, and upon the additional ground that the amended complaint constituted such a departure in pleading as to amount, in effect, to the institution of a new and different suit as to which the Florida court lacked jurisdiction over the person of the defendant. The trial court granted the motion to dismiss the amended complaint and this appeal followed.
As to the contention that the amended complaint constituted a departure in pleading, the law is that a departure in pleading occurs when a party quits or departs from the case or defense which he has first made and resorts to another which gives rise to a wholly distinct and different legal obligation against his adversary. Crim v. Drake, 86 Fla. 470, 98 So. 349; Livingston v. Malever, 103 Fla. 200, 137 So. 113; Eagle Fire Co. v. Lewallen, 56 Fla. 246, 47 So. 947; Gerstel v. William Curry's Sons Co., 155 Fla. 471, 20 So.2d 802, 804. In determining whether there has been such a substantial departure in after pleading as to authorize the court to dismiss an amended pleading on such ground, "the test is whether the matter introduced by way of amendment requires a different character of evidence for its support than would be required for proof of the antecedent pleading and whether proof of additional facts will be required to sustain the later pleading." Gerstel v. William Curry's Sons Co., supra.
As will be observed from a comparison of the complaints in the cause, the purpose of the original complaint was to procure an increase in the monthly support payments for the minor child on the ground of change of circumstances, and to that end, that the amount theretofore provided in the divorce decree rendered in Missouri be revised upward. The amended complaint sought the same basic relief upon essentially the same set of facts, the only material addition being a prayer that the Missouri decree be established in Florida as a local decree and that thereafter the terms and conditions thereof be modified so far as they pertained to support money.
The law is plain that where an amended pleading asserts rights or claims arising out of the same transaction, act, agreement or obligation on which the original pleading is founded, and the parties in interest and the essential elements of the controversy remain the same, the amendment will not be regarded as a new cause of action, and the amended pleading should not be dismissed on the ground that it constitutes a departure. Gibbs v. McCoy, 70 Fla. 245, 70 So. 86; Merchants & Bankers Guaranty Co. v. Downs, 128 Fla. 767, 175 So. 704; Atlantic Coast Line Railroad Co. v. Edenfield, Fla., 45 So.2d 204.
We hold that the pleadings in the instant case come under this rule, and that there was no departure in pleading.
The only remaining question on this appeal is whether the amended complaint which sought the establishment of the Missouri decree, and thereafter a modification of its terms and conditions in respect to support money for the minor child, wholly failed to state a claim upon which relief could be granted.
Broadly stated, the rule in respect to foreign judgments and decrees is that one state may not modify or alter the judgment or decree of a sister state, because under the provisions of Section 1, Article *692 IV, of the United States Constitution, full faith and credit must be given to it as it stands. However, from a study of the decisions it will be seen that upon one theory or another the courts of many of the states have permitted suits to readjudicate the extent of parental liability for support of minor children domiciled within the state, even when a provision for child support has been incorporated in a prior sister state's decree. While recognizing the general rule that foreign decrees as a class are res judicata of the matters involved for all time in the future, the courts make a distinction in respect to orders or decrees for child support when by the law of the state of rendition such orders are subject to change. Decrees for child support and custody are usually regarded, in fact, as being impermanent in character, and hence, by their very nature, are res judicata of the issues only so long as the facts and circumstances of the parties remain the same as when the decree was rendered. Goodman v. Goodman, 194 A. 866, 15 N.J. Misc. 716; Setzer v. Setzer, 251 Wis. 234, 29 N.W.2d 62; Turnage v. Tyler, 183 Miss. 318, 184 So. 52, and authorities hereinafter cited. Compare Minick v. Minick, 111 Fla. 469, 149 So. 483.
As the matter is stated in one of the general authorities on the subject: "Where [a provision in a divorce decree for the support of a child] is, either under the statute or by its very terms, subject to modification, in the discretion of the court * * * [where rendered] * * * as to instalments to fall due in the future, it is obvious that the decree is not final and therefore is not entitled to full faith and credit in another state. * * * As to instalments not yet accrued * * * they are not entitled to the protection of the full faith and credit clause because in such case no money is yet due and as to such instalments the decree is generally understood to be subject, upon proof of changed conditions, to modification by the court rendering it." 17 Am. Jur., Divorce, sec. 708; Citing Mayer v. Mayer, 154 Mich. 386, 117 N.W. 890, 19 L.R.A.,N.S., 245, 129 Am.St.Rep. 477; Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann. Cas. 1061. See also 27 C.J.S., Divorce, § 329; Nelson on Divorce, sec. 33.54.
The statute under which the instant action is brought is section 65.15, Florida Statutes, 1951, F.S.A. It provides that "whenever any husband and wife * * * shall have entered into any agreement providing for the payments for * * * separate support, maintenance or alimony, whether in connection with any action for divorce or separate maintenance, or with any voluntary property settlement, or whenever any husband has pursuant to the decree of any court of competent jurisdiction been required to make to his wife any such payments, and the circumstances of the parties or the financial ability of the husband shall have changed since the execution of such agreement, or the rendition of such decree, either party may apply to the circuit court of the circuit in which the parties, or either of them, shall have resided at the date of the execution of such agreement, or shall reside at the date of such application, or in which such agreement shall have been executed, or in which such decree shall have been rendered, for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony, and the court, after giving both parties an opportunity to be heard, and to introduce evidence relevant to the issue, shall make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the husband, decreasing or increasing or confirming the amount of separate support, maintenance or alimony provided for in such agreement, or in such decree. Thereafter the husband shall pay and be liable to pay the amount of separate support, maintenance or alimony directed in such order and judgment, and no other further amount, and such agreement, or such decree, for the purpose of all actions or proceedings of every nature and wherever instituted, whether within or without this state, shall be deemed to be, and shall be, modified accordingly".
It is settled that the provisions of this section are applicable in proceedings brought by a mother against the father to modify the terms and conditions of a local *693 divorce decree in respect to the support of a minor child when she has been given custody. Lee v. Lee, 157 Fla. 439, 26 So.2d 177; Stanley v. Stanley, 158 Fla. 402, 28 So.2d 694, 696. The dominant question presented in the instant case is whether these provisions may also be applicable in a proceeding brought in a Florida court by the mother against the father, upon whom personal service has been had, to obtain a readjudication of the extent of his liability for the support of his child domiciled in this state, on the basis of present need and ability to pay, when the defendant father is fully complying with a provision for support payments in a sister state's decree.
The appellee maintains that to extend the provisions of section 65.15 to foreign decrees would be contrary to the provisions of the full faith and credit clause of the Federal Constitution and would make the statute unconstitutional to that extent.
We cannot agree with this contention. As is held in Durfee v. Durfee, 293 Mass. 472, 200 N.E. 395, 399, involving the interpretation of a statute similar in effect to ours: "If the courts of this commonwealth have jurisdiction of the parties, [the statute] confers power to adjudicate respecting the protection of minor children resident within our borders according to their present needs, even though in the courts of another state under divergent conditions and at an earlier time, a different adjudication has been made. Appropriate provision for minor children resident in this commonwealth is a domestic problem as to which the laws of this commonwealth are controlling. In no other way can the paramount duty of the commonwealth to guard and promote the welfare of resident minors through the probate courts be performed. Broad powers have always been exercised in this respect. * * * Every sovereignty exercises the right of determining the status or condition of persons found within its jurisdiction. The laws of a foreign state cannot be permitted to intervene to affect the personal rights or privileges even of their own citizens, while they are residing on the territory and within the jurisdiction of an independent government. * * * Jurisdiction in the court in the case at bar arose from the residence within the commonwealth of the petitioner and the two minor children and the service by mail of the citation upon the respondent while he was within the commonwealth. It follows that the court had jurisdiction to order the payments to be made by the respondent as specified in the decree."
On the issue whether the decree of the sister state could be modified, the Massachusetts court made the following pronouncement, with which we agree: "There is error in the form of the decree, wherein it was ordered that the decree of the Rhode Island court be modified in specified particulars. There is no jurisdiction in the courts of this commonwealth to modify this decree of a court of another state. * * * The probate court had ample power to adjudicate as to the custody of the minors and to order the respondent, in view of his financial resources, to pay for the support of his minor children such sums as their present needs require, and to declare in substance and effect that in these respects the decree of the Rhode Island court should be superseded. * * *"
The law of Missouri is that the terms and conditions of a decree for child support rendered in that state are subject to revision in that jurisdiction upon proof of a change in circumstances of the parties. Landau v. Landau, Mo. App., 71 S.W.2d 49; Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, 81 A.L.R. 875; sec. 452.070, Mo. Rev. Stat. of 1949.
Hence, the full faith and credit clause does not stand as a constitutional bar to this suit. What Missouri could do by way of making new provisions for support payments, Florida may also do; for the decree has no constitutional claim to a more conclusive or final effect in the state of the forum than it has in the jurisdiction where rendered. People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133. See also Setzer v. Setzer, supra; Turnage v. Tyler, supra; Geary v. Geary, 102 Neb. 511, 167 N.W. 778, 20 A.L.R. 809; Goodman v. Goodman, supra.
*694 We conclude from our study of the authorities that under the provisions of section 65.15, Florida Statutes 1951, F.S.A., the Circuit Court of Duval County has jurisdiction of the parties and subject matter of the cause, and has the power upon a proper showing of changed circumstances to enter a decree, not by way of modification of the Missouri decree, but by way of supersession of the terms and conditions thereof, requiring of the defendant that he make due and proper contribution to the support of his minor son in accordance with the reasonable needs of the child and the financial circumstances of the father.
It follows from the conclusions reached that the amended complaint did not wholly fail to state a claim upon which relief could be granted and hence that the decree appealed from should be reversed with directions that the cause proceed below in accordance with rules and with the principles herein stated.
It is so ordered.
ROBERTS, C.J., TERRELL, J., and DAYTON, Associate Justice, concur.