EDWARD DUFF THOMAS, MICHAEL A. THOMAS, GEORGE W. THOMAS, III, BY THEIR NEXT FRIEND, ELEANOR D. THOMAS v. GEORGE W. THOMAS, JR.

(Filed 30 April, 1958)

### 1. Actions § 2—

Nonresidents have the right to bring an action in our courts as one of the privileges guaranteed to citizens of the several states. Article IV, Section 2, of the Constitution of the United States.

### 2. Parent and Child § 5—

Where parents of minor children have been divorced and custody of the children has been awarded to the mother, the minor children by a next friend may sue the father for support.

### 3. Divorce and Alimony § 20½—

Where the statute of the state rendering a divorce decree provides that order for the support of the minor children of the marriage might thereafter be modified for change of conditions, such court has power to modify the order on such ground regardless of whether the decree itself so provides.

### 4. Constitutional Law § 26—

While a valid decree of divorce entered in another state must be given full faith and credit and is conclusive as to all matters therein adjudicated, including its provisions for the custody and support of minor children of the marriage, the full faith and credit clause does not require that it be more conclusive in the state of the forum than in the jurisdiction where rendered, and therefore where the state rendering the decree has power to modify its provisions for support for change of condition, such modification by the state of the forum is not precluded. Article IV, Section 1, of the Constitution of the United States.

### 5. Divorce and Alimony §§ 20½, 21—

Where the laws of the state rendering decree of divorce with provision for support of the minor children of the marriage permit modification of the provision for support for change of condition, a petition filed for the minor nonresident children by the divorced wife, as their next friend, against the resident father for increase in the amount of allowance upon allegations of change of condition, states a cause of action, and our courts have jurisdiction of the action upon personal service of the resident father.

### 6. Divorce and Alimony § 17—

No agreement or contract between husband and wife will serve to deprive the court of its inherent and statutory authority to protect the interests and provide for the welfare of the minor children of the marriage.

APPEAL by plaintiffs from *Bone, J.*, January Civil Term 1958 in WAKE.

This is a civil action instituted by Edward Duff Thomas, Michael A. Thomas, and George W. Thomas, III, residents of the State of Vir-

ginia, through their next friend, Eleanor D. Thomas, their mother. Eleanor D. Thomas and their father, the defendant, George W. Thomas, Jr., were divorced by a decree entered in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, on 15 December 1947. The defendant is now a resident of Wake County, North Carolina.

The Nevada decree awarded custody of the three minor children born of the marriage to their mother, Eleanor D. Thomas, and ordered the defendant, George W. Thomas, Jr., to pay to the plaintiff for the support and maintenance of said children the sum of $150.00 per month until said children reach their majority, in accordance with a separation agreement theretofore entered into by and between the parties, which agreement was approved and incorporated in the decree. The Nevada court reserved the right to modify its decree.

The complaint in this action alleges that at the time the Nevada decree was entered, the plaintiffs herein were respectively nine, seven, and five years of age; that they are now nineteen, seventeen, and fifteen years of age; that because of the increased age of said plaintiffs, the increase in the cost of food, clothing, rent, and other necessary expenses incident to the support and education of the plaintiffs, the sum of $150.00 per month allowed in the decree of the Eighth Judicial District Court of the State of Nevada is insufficient to provide for the education, support and maintenance of the plaintiffs.

It is further alleged in the complaint that the defendant has an annual income of $30,000, and the plaintiffs pray that the defendant be required to pay to Eleanor D. Thomas, for the support and maintenance of the plaintiffs and for the purpose of defraying the cost of their education, the sum of $450.00 per month, to be continued until the plaintiffs have completed their education or until the further orders of the court.

The defendant demurred to the complaint on the ground: (1) that the Superior Court of Wake County does not have jurisdiction of the parties or of the subject matter, for that, among other things, the plaintiffs are residents of Virginia and the action is an attempt to modify the Nevada decree; and (2) that there is no allegation in the complaint that defendant has defaulted or failed to comply with the Nevada decree, etc.

The court below sustained the demurrer, and the plaintiffs appeal, assigning error.

*A. L. Purrington, Jr., for plaintiffs.*
*Emanuel & Emanuel for defendant.*

DENNY, J. We concur in the view expressed by the appellants in

their brief that the questions involved in this appeal are as follows: "1. Does the Superior Court of Wake County have jurisdiction of this action? 2. Is this action barred by Article IV, Section 1 (full faith and credit clause) of the Constitution of the United States? 3. Does a complaint by nonresident children of divorced parents, acting through a next friend, against the father, a resident of Wake County, North Carolina, for an increase in support and maintenance heretofore decreed in an action between the father and mother by a Nevada court, which reserves the right to amend the decree, state a cause of action?"

Nonresidents have the right to bring an action in our courts as one of the privileges guaranteed to citizens of the several States by the Constitution of the United States, Article IV, Section 2. *Howle v. Express, Inc.,* 237 N.C. 667, 75 S.E. 2d 732; *Bank v. Appleyard,* 238 N.C. 145, 77 S.E. 2d 783.

Where parents of minor children have been divorced and custody of the children has been awarded to the mother, the minor children by a next friend may sue the father for support. *Green v. Green,* 210 N.C. 147, 185 S.E. 651; *Pickelsimer v. Critcher,* 210 N.C. 779, 188 S.E. 313; *Bryant v. Bryant,* 212 N.C. 6, 192 S.E. 864; *Mahan v. Read,* 240 N.C. 641, 83 S.E. 2d 706.

It follows, therefore, that unless the relief sought must be obtained in the forum where the original order for the support and maintenance of these plaintiffs was entered, our courts do have the right to adjudicate the question of adequate support for these plaintiffs.

We think it is immaterial on this appeal whether these plaintiffs were or were not present in the Nevada court when their custody was awarded to their mother, Eleanor D. Thomas, and the order was entered requiring their father, the defendant herein, to contribute $150.00 per month for their support. The question of custody is not involved in this action. Moreover, the statutory law in Nevada provides: " * * *; provided, that in actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance, and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same." Statutes of Nevada, 1947, Chapter 70, Section 1.

In 27 C.J.S., Divorce, section 322 (a), page 1237, it is said: "A statute authorizing the modification of a decree as to the support of minor children becomes a part of the decree, whether mentioned therein or not."

Is the Superior Court of Wake County barred by the full faith and credit clause of the Constitution of the United States, Article IV, Section 1, from granting the relief sought by these plaintiffs?

In 17A Am. Jur., Divorce and Separation, section 861, page 48, we find this statement: "Statutes often provide that the allowance for the maintenance of children may, at any time after the decree, be annulled, varied, or modified on application by either of the parties. Moreover, the power to modify such an award has been recognized in cases which do not refer to the statutes as the basis of the power. Even though circumstances are such that an award of alimony could not be modified, the court may modify an award of child support."

Likewise, in 17A Am. Jur., Divorce and Separation, section 982, page 165, it is said: "A court, when adopting as its own a decree of another State for alimony or child support, has the power to modify the foreign decree indirectly by ordering that the husband pay more or less than was required by the foreign decree, where both States have the power to modify decrees. * * *

"It is true that one State cannot directly modify the provisions of a divorce decree of a sister State relating to child support. However, the State, upon gaining jurisdiction of the husband in personam, may enter a new order for child support which increases the amount that would have been payable prospectively under the divorce decree where the divorce court has the power to do so; and the State may declare that in this respect the decree of the divorce court shall be superseded by the new order. The full faith and credit clause does not forbid this result; the foreign decree has no constitutional claim to a greater effect outside the State than it has within the State." *Lopez v. Avery* (Fla.), 66 So. 2d 689; *Goodman v. Goodman,* 15 N.J. Misc. 716, 194 A 866.

Both Nevada and North Carolina have statutory authority for the modification of decrees for the support of a minor child or children. Statutes of Nevada, 1947, Chapter 70, section 1; General Statutes of North Carolina, 50-13.

In *Lopez v. Avery, supra,* Dorothy Avery Lopez, the plaintiff, and the defendant were married in Florida in 1943. In 1945 the parties separated and in December 1945 the husband instituted an action for divorce in the State of Missouri. The wife, who was still a resident of Florida, personally defended the suit. A property settlement was entered into and executed in Florida. Under the terms of the agreement the wife was granted complete care and custody of the minor son born of the marriage, and the husband agreed to pay to the wife the sum of $100.00 monthly solely as support money for the child. In March 1946 the Missouri court approved the separation agreement in its final decree of divorce.

In April 1952 the plaintiff filed a complaint in the Circuit Court of Duval County, Florida, the county in which she was then residing with her minor child, for the entry of an order modifying the terms

and conditions of the settlement agreement, and the final decree of the Missouri court confirming the same, as far as they pertained to support money for the child. In the petition the wife alleged the above facts and alleged further that due to the increase in the cost of living, the increased age of the minor son, and the fact that the father's annual income had increased appreciably since the execution of the agreement, the sum of $100.00 a month for the support of the child was grossly inadequate; that the Missouri decree had not been amended and prayed that the court establish the Missouri decree as a Florida decree.

The defendant husband, while temporarily in Florida on vacation, was personally served with process. Subsequently, he filed a motion to dismiss the complaint upon the grounds that the Florida court was without jurisdiction over the subject matter and the defendant, and that the petition failed to state a claim upon which relief could be granted. The trial court granted the motion. On appeal, the Supreme Court of Florida reversed the ruling, and said: "Broadly stated, the rule in respect to foreign judgments and decrees is that one State may not modify or alter the judgment or decree of a sister State, because under the provisions of Section 1, Article IV, of the United States Constitution, full faith and credit must be given to it as it stands. However, from a study of the decisions it will be seen that upon one theory or another the courts of many of the States have permitted suits to readjudicate the extent of parental liability for support of minor children domiciled within the State, even when a provision for child support has been incorporated in a prior sister State's decree. While recognizing the general rule that foreign decrees as a class are *res judicata* of the matters involved for all time in the future, the courts make a distinction in respect to orders or decrees for child support when by the law of the State of rendition such orders are subject to change. Decrees for child support and custody are usually regarded, in fact, as being impermanent in character, and hence, by their very nature, are *res judicata* of the issues only so long as the facts and circumstances of the parties remain the same as when the decree was rendered. *Goodman v. Goodman*, 194 A 866, 15 N.J. Misc. 716; *Setzer v. Setzer*, 251 Wis. 234, 29 N.W. 2d 62; *Turnage v. Tyler*, 183 Miss. 318, 184 So. 52, and authorities hereinafter cited. Compare *Minick v. Minick*, 111 Fla. 469, 149 So. 483. * * *

"The law of Missouri is that the terms and conditions of a decree for child support rendered in that State are subject to revision in that jurisdiction upon proof of a change in circumstances of the parties. *Landau v. Landau*, Mo.App., 71 S.W. 2d 49; *Kelly v. Kelly*, 329 Mo. 992, 47 S.W. 2d 762, 81 A.L.R. 875; sec. 452.070, Mo.Rev.Stat. of 1949.

"Hence, the full faith and credit clause does not stand as a consti-

tutional bar to this suit. What Missouri could do by way of making new provisions for support payments, Florida may also do; for the decree has no constitutional claim to a more conclusive or final effect in the state of the forum than it has in the jurisdiction where rendered. People of State of New York ex rel. *Halvey v. Halvey*, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133. See also *Setzer v. Setzer, supra; Turnage v. Tyler, supra; Geary v. Geary*, 102 Neb. 511, 167 N.W. 778, 20 A.L.R. 809; *Goodman v. Goodman, supra.*"

In the case of *Goodman v. Goodman, supra*, the decree of separation had been entered in New York State, where the plaintiff and her minor child still resided. The defendant husband was living in New Jersey when the action for an increase in the allowance for support was instituted in that State. The defendant had fully complied with the New York decree with respect to the support of his minor child. Personal service on the defendant was obtained in New Jersey. A motion was made to strike the petition on the ground that the court was without jurisdiction to grant the relief sought. On the identical question before us, the Court of Chancery of New Jersey said: "So far as jurisdiction over the defendant is concerned, the cause of action differs in no respect from a creditor's cause of action for collection of an ordinary debt. * * *

"The common-law obligation of a man to support his wife follows him wherever he goes, and if he comes to New Jersey he is liable also for the support of his children under our statutory provisions. If this court secures jurisdiction over his person, or seizes his property located in this State, it may enforce both of these obligations against his person or his property as the case may be, whether wife or children be domiciled in New Jersey or elsewhere. 'State boundaries do not make court barriers.' *Gasteiger v. Gasteiger*, 136 A 497, 498, 5 N.J. Misc. 315, 317. * * *

"If the decree has any *res judicata* effect with respect to the amount of the award, such effect did not survive a substantial change in the circumstances of the parties after its entry, so that the petitioner is not foreclosed in her action under the doctrine of *res judicata* or election of remedies."

This action does not involve an attempt to procure a judgment for accrued and unpaid sums due under a foreign decree, or for a judgment directing the defendant to pay the future installments as they become due under such decree, as was the case in *Willard v. Rodman*, 233 N.C. 198, 63 S.E. 2d 106 and *Lockman v. Lockman*, 220 N.C. 95, 16 S.E. 2d 670.

Moreover, in the case of *Story v. Story*, 221 N.C. 114, 19 S.E. 2d 136, this Court said: "No agreement or contract between husband and wife will serve to deprive the court of its inherent as well as statutory

authority to protect the interests and provide for the welfare of infants. They may bind themselves by separate agreement or by a consent judgment; * * * but they cannot thus withdraw children of the marriage from the protective custody of the court. * * * In such case the welfare of the child is the paramount consideration to which even parental love must yield and the court will not suffer its authority in this regard to be either withdrawn or curtailed by any act of the parties." *Bishop v. Bishop,* 245 N.C. 573, 96 S.E. 2d 721.

In light of the authorities cited herein, we hold that the Superior Court of Wake County does have jurisdiction to consider and adjudicate the question of adequate support for the plaintiffs. However, the Nevada decree is binding on our courts under the full faith and credit clause of the Constitution of the United States unless the plaintiffs show such changed conditions and circumstances as to justify an increase in the allowance made by the Nevada court.

Therefore, the first question must be answered in the affirmative; the second in the negative; and the third in the affirmative.

The ruling of the court below is

Reversed.