Nancy Lee PARKER, Petitioner,

v.

Harold L. PARKER, Respondent.

Supreme Court of Tennessee.

July 16, 1973.

Joe P. Binkley, Jr., Nashville, J. Barrett Melton, Woodbury, for petitioner.

John G. Mitchell, Jr., Murfreesboro, for respondent.

OPINION

McCANLESS, Justice.

This is a suit by a resident of the State of Georgia against her former husband, the father of her two minor children, to have increased the amounts payable by him to her for the support of their children under an agreement and a judgment of divorce pronounced by the Superior Court of DeKalb County, Georgia, on April 17, 1963. The Chancellor increased the amount of the support from $150.00 a month, provided by the Georgia agreement and judgment, to $225.00 a month. In addition he decreed that the amounts be increased on July 10, 1973, and on each July 10th thereafter, by $3.75 a month for each child to reflect the increase in the cost of living. The defendant excepted and perfected his appeal to the Court of Appeals.

The Court of Appeals expressed the opinion that the Chancery Court of Rutherford County was without jurisdiction to award the decree appealed from and reversed and dismissed the complaint at the cost of the plaintiff. We granted certiorari and have heard oral argument.

On March 7, 1963, the parties, then residents of DeKalb County, Georgia, contemplating a divorce, entered into an agreement respecting the custody and support of their two children, seven and three years of age, respectively. On the same day the plaintiff filed her suit for the divorce in the Superior Court of DeKalb County. On April 17, 1963, the court entered a final judgment of divorce in the plaintiff's favor, incorporating therein the agreement of March 7, 1963, awarding the plaintiff custody of the children and providing that the defendant should pay the plaintiff $150.00 a month for their support.

The defendant, as of the date of the Chancellor's decree in this suit, had made all the monthly payments he had agreed to make and which the Superior Court by its judgment had required that he make. The complainant alleged and proved, however, that the cost of living had greatly increased since 1963 and that it had become much more expensive to provide support for the children than it had been when the divorce had been granted; also, that during that time the defendant's income had increased from about $5,000.00 to more than $11,000.00 a year.

In Kendrick v. Kendrick, 218 Ga. 284, 127 S.E.2d 379 [1962], the Supreme Court of Georgia held that under a 1955 statute of that state (Ga.L.1955, p. 630, Code § 30-207) the courts were empowered to revise and modify a permanent judgment for alimony or a permanent award for the support of a minor child or children where there had been a substantial change in the income or financial status of the husband or father.

Since the entry of the judgment in 1963 the defendant has moved to Rutherford County, Tennessee, and is not, and has not been since his removal to Tennessee, subject to personal service of the writs of the Georgia courts. In the case of Slowik v. Knorr, 222 Ga. 669, 151 S.E.2d 726 [1966], the Supreme Court of Georgia in an opinion by Mr. Justice Eugene Cook held that:

"Under a proper construction of the statute authorizing the modification of judgment for permanent alimony, the court in this state which rendered the alimony judgment does not have jurisdiction of an action to modify the judgment against a nonresident of the state who has been served only by publication, and who has not waived personal service."

From the record, then, it appears that under Georgia law the plaintiff is entitled to have revised upward her award against the defendant for the support of the children, but because the defendant is no longer amenable to the process of the Georgia courts, they are without power to revise it. The question now before us is whether in these circumstances the courts of Tennessee may grant relief to the plaintiff and increase the award.

This, we believe, is a case of first impression in Tennessee. We must rely on other authority for guidance.

In 1953 the Supreme Court of Florida decided a case, the facts of which are similar to those in this case. In Lopez v. Avery, 66 So.2d 689 [1953], a divorce had been granted by a Missouri court. The parties had entered into a property settlement that provided that the wife should have custody of the child of the marriage and that the father should pay the mother $100.00 a month for the child's support. The court approved the settlement and in its decree ordered the father to make the payments. The father left Missouri and no longer was subject to service of the process of its courts, which was requisite to their jurisdiction. While in Florida the father was served with process in a suit brought in that state by the mother to have modified the terms of the settlement and of the Missouri decree, so far as they pertained to the award of support for the child. The trial court granted a motion to

dismiss the suit on the ground that the court was without jurisdiction of its subject matter. On appeal the Supreme Court reversed the trial court, saying:

"Broadly stated, the rule in respect to foreign judgments and decrees is that one state may not modify or alter the judgment or decree of a sister state, because under the provisions of Section 1, Article IV, of the United States Constitution, full faith and credit must be given to it as it stands. However, from a study of the decisions it will be seen that upon one theory or another the courts of many states have permitted suits to readjudicate the extent of parental liability for support of minor children domiciled within the state, even when a provision for child support has been incorporated in a prior sister state's decree. While recognizing the general rule that foreign decrees as a class are res judicata of the matters involved for all time in the future, the courts make a distinction in respect to orders or decrees for child support when by the law of the state of rendition such orders are subject to change. Decrees for child support and custody are usually regarded, in fact, as being impermanent in character, and hence, by their very nature, are res judicata of the issues only so long as the facts and circumstances of the parties remain the same as when the decree was rendered. Goodman v. Goodman, 194 A. 866, 15 N.J.Misc. 716; Setzer v. Setzer, 251 Wis. 234, 29 N.W.2d 62; Turnage v. Tyler, 183 Miss. 318, 184 So. 52, and authorities hereinafter cited. Compare Minick v. Minick, 111 Fla. 469, 149 So. 483."

The Supreme Court of North Carolina relied on Lopez v. Avery and quoted extensively from it in Thomas v. Thomas, 248 N.C. 269, 103 S.E.2d 371 [1958].

In 24 Am.Jur.2d, Divorce and Separation, § 987, the following appears:

"It is true that one state cannot directly modify the provisions of a divorce decree of a sister state relating to child support. However, the state, upon gaining jurisdiction of the husband in personam, may enter a new order for child support which increases the amount that would have been payable prospectively under the divorce decree where the divorce court has the power to do so; and the state may declare that in this respect the decree of the divorce court shall be superseded by the new order. The full faith and credit clause does not forbid this result; the foreign decree has no constitutional claim to a greater effect outside the state than it has within the state."

■ It thus appears that because of the absence of the defendant from Georgia, he cannot be made amenable to an action in the courts of that state to increase the award for the support of the children. It further appears that because of the changed income and financial status of the defendant the plaintiff is entitled to relief and that unless the courts of Tennessee can grant it the plaintiff will be left without a remedy.

■ The Chancery Court at Murfreesboro had jurisdiction of the subject matter of the complaint and it acquired jurisdiction of the defendant by personal service of process on him. We hold, however, that since the court under the express authority of Section 36–820, T.C.A., may increase or decrease the allowance on cause being shown, the annual increases provided in the decree should not now be ordered. The court cannot at this time know or with accuracy predict whether the cost of living will increase or the amount of any increase that may occur.

■ The Chancery Court decreed that the defendant should continue his payments to the plaintiff for the support of the children until they, respectively, should reach

the age of twenty-one years. In Weinstein v. Heimberg, Tenn.App., 490 S.W.2d 692 [1972], the Tennessee Court of Appeals held that since the enactment of the "Legal Responsibility Act of 1971", now Section 1–314, T.C.A., the obligation of a father to make the payments for the support of his children that the court had decreed he make, ceased when the children reached the age of eighteen years. In Whitt v. Whitt, Tenn., 490 S.W.2d 159 [1973], the Circuit Court on March 9, 1971, had entered a decree incorporating an agreement to make monthly payments for the support of two children, and including a provision that the amount should be reduced by one-half upon the marriage or majority of one child and continue at that rate until the marriage or majority of the second child when the child support payments should cease. We held that under Sections 36–828 and 36–830, T.C.A., "the authority of the court to order appellee to make payments for support of his children (it not being alleged either child was mentally or physically incapacitated) was for that period when appellee was required by law to support his children, which is during their minority. By virtue of Chapter 162, Public Acts of 1971, for better or worse, a child is no longer a minor when he reaches the age of eighteen."

In this case the Chancery Court may not now, and in the absence of any mental or physical incapacity, decree support payments for support for periods after the children respectively reach eighteen years of age.

The decree of the Court of Appeals is reversed and that of the Chancery Court is affirmed as modified by this opinion. The costs of the appeal are adjudged against the defendant, Harold L. Parker, and the sureties on his appeal bond.

DYER, C. J., and CHATTIN, HUMPHREYS, and FONES, JJ., concur.