PATRICIA H. KOHLER v. J. RUDOLF KOHLER

No. 7414DC50

(Filed 17 April 1974)

1. Courts § 2— jurisdiction of court over plaintiff

Trial court properly denied defendant's motion to dismiss for lack of jurisdiction over the plaintiff in that plaintiff was not domiciled in N. C. and lacked capacity to bring an action in N. C. since plaintiff's uncontested testimony was that she was a resident of Durham.

2. Appearance § 2— extension of time to plead — waiver of improper service of process

Even if there had not been proper service of process on defendant, defendant made a general appearance by obtaining extensions of time in which to appear and plead, thereby giving the court jurisdiction over his person.

3. Divorce and Alimony § 18— alimony pendente lite — scope of hearing

The purpose of a hearing for alimony *pendente lite* is to give the dependent spouse reasonable subsistence pending trial and without delay, not to determine property rights or finally determine what alimony the wife may receive if she wins her case on the merits; therefore, evidence as to the parties' financial transactions and relating to plaintiff's claim for an accounting was irrelevant, and that part of the court's order requiring defendant to deposit with the clerk of court all stock bearing joint names of plaintiff and defendant is vacated.

4. Divorce and Alimony § 18; Infants § 6— alimony pendente lite — scope of hearing — determination of minor's rights

Trial court's order in an alimony *pendente lite* hearing which required defendant to deposit with the clerk of court all assets of the

minor child of the parties is vacated, since the question of ownership of the assets was beyond the scope of the hearing, and the minor's rights in the assets could be determined only by appearance through a guardian or guardian *ad litem* but not by plaintiff in her individual capacity.

APPEAL by defendant from *Lee, District Court Judge,* 25 April 1973 Session of District Court held in DURHAM County.

This is an action for alimony without divorce, custody, child support and an accounting for assets allegedly owned by plaintiff, the child of the parties, and plaintiff and defendant jointly. Plaintiff alleged that she was a resident of Durham County and that defendant was in Philadelphia, Pennsylvania. The parties stipulated that the summons and complaint were "properly served" on defendant. Defendant moved for and was granted an extension of time within which to answer or otherwise plead to the complaint. Defendant has not filed answer. At the request of defendant and his counsel, the hearing on plaintiff's application for alimony pendente lite was postponed to a day certain. Defendant caused plaintiff to be served with a subpoena to produce certain records and securities at the time and place set for that hearing. Defendant did not attend the hearing but was represented by counsel who participated in the hearing. An order was entered awarding plaintiff custody of the child, child support, alimony pendente lite and counsel fees. Defendant was further ordered to deposit with the clerk of the court all the assets of the minor child whether in the name of defendant or otherwise and all stock bearing joint names of plaintiff and defendant. Defendant appealed.

*Bryant, Lipton, Bryant & Battle, P.A., by Alfred S. Bryant for plaintiff appellee.*

*Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson by O. William Faison, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendants' fourth assignment of error (record p. 164) is that the court denied his motion to dismiss "for lack of jurisdiction over the plaintiff . . . because the plaintiff is not domiciled in North Carolina and lacks capacity to bring an action in this State." This assignment of error is overruled. Plaintiff's uncontested testimony was that she lives at 2312 Pratt Avenue, Durham, North Carolina, has lived in Durham since 2 Septem-

ber 1971 and at the time plaintiff and defendant separated plaintiff, defendant and their child resided in the home owned by them in Durham.

[2]   There is no assignment of error in the record on appeal with reference to the contention, which defendant attempts to raise for the first time in his brief, that the court lacks personal jurisdiction over the defendant. We hold, nevertheless, that the court had personal jurisdiction over the defendant. Even if there had not been proper service of process, and we think there was, defendant invoked the jurisdiction of the court when he obtained extensions of time in which to appear and plead. This constituted a general appearance which waived any defect in the jurisdiction of the court for lack of proper service.

[3, 4]   The case was before the court on plaintiff's application for alimony pendente lite, custody and child support. We note, however, that most of the testimony at trial and findings of fact brought forward in the record containing 185 pages was devoted to the parties' financial transactions and related to plaintiff's claim for an accounting. Except as related to the needs of the child, plaintiff's needs for support until there could be a trial on the merits, and defendant's ability to supply those needs, this evidence was totally irrelevant to the questions before the court on a hearing for alimony pendente lite. Provisions for temporary subsistence pending trial on the merits do not involve an accounting between husband and wife. The purpose of a hearing for alimony pendente lite is to give the dependent spouse reasonable subsistence pending trial and without delay. It is not to determine property rights or finally determine what alimony the wife may receive if she wins her case on the merits. *Harrell v. Harrell,* 253 N.C. 758, 117 S.E. 2d 728. Plaintiff also alleged and the court purported to find that defendant has certain assets which are the property of the minor. Quite aside from the fact that the question of the alleged ownership of these assets by the infant was also beyond the scope of a hearing for alimony pendente lite, an infant must appear by guardian or guardian ad litem. Plaintiff could not have these rights determined in her individual capacity.

Those parts of the order awarding custody of the child to plaintiff, directing defendant to pay $250.00 per month for child support, $80.00 per month for alimony, $107.32 per month for car payments, and ordering defendant to pay counsel fees are based on proper findings of fact which are supported by

competent evidence. These parts of the order are affirmed. For the reasons stated, the remainder of the order is vacated.

Affirmed in part.

Vacated in part.

Judges BRITT and PARKER concur.