EDITH MAE ROBERTS v. GRADY FETSER ROBERTS

No. 7621DC219

(Filed 21 July 1976)

**Divorce and Alimony § 18— alimony pendente lite — half of joint savings account**

    The trial court erred in ordering a lump sum payment of $17,500 as alimony *pendente lite,* which is one-half the amount in the parties' joint saving account, since a determination of the rights to the joint savings account was a matter for final hearing on the merits and not for hearing on alimony *pendente lite.*

APPEAL by defendant from *Yeager, Judge.* Order entered 19 December 1975 in District Court, FORSYTH County. Heard in the Court of Appeals 10 June 1976.

Plaintiff wife brought this action wherein she seeks divorce from bed and board, alimony *pendente lite,* attorney fees, an accounting, and a restraining order. She alleged cruelty and indignities, and that defendant had withdrawn the money from the parties' joint savings account. Defendant counterclaimed for divorce from bed and board, and he alleged abandonment and indignities on behalf of plaintiff.

At the alimony *pendente lite* hearing plaintiff testified that defendant had offered indignities to her for years prior to 23 August 1975. On 21 August 1975, according to plaintiff, defendant grabbed her by the hair and shook her. On 23 August 1975 plaintiff left the family home and attempted suicide for which she was hospitalized for six weeks, and incurred a hospital bill for $5,000. Plaintiff stated that defendant harassed her while she was hospitalized, and demanded that she return home with him.

Plaintiff also testified that she had worked from the time of the parties' marriage in 1942 until 1974, and that she had contributed at least 80% of the $35,000 which had been in a joint banking account until defendant had recently withdrawn it and placed it into an account in his name. She testified that defendant received $510 each month as rent from a trailer park owned by the parties, $110 a month in rent from other properties which they own, plus $207 a month from the Veterans' Administration.

Defendant testified that he grabbed plaintiff and shook her because he was upset. He stated that eighty percent of the money in the savings account came from rentals owned by both parties, and that he was only receiving $300 a month from the trailer park because there were only ten trailers whereas there had been seventeen.

The court found that plaintiff was a dependent spouse, defendant was a supporting spouse, and that defendant had offered indignities to plaintiff and had constructively abandoned her. It was ordered, among other things, that plaintiff receive alimony *pendente lite* in the amount of $300 per month, and that she receive a lump sum payment of $17,500 as alimony *pendente lite*.

Defendant appealed.

*Larry F. Habegger for plaintiff appellee.*

*White and Crumpler, by Melvin F. Wright, Jr., for defendant appellant.*

ARNOLD, Judge.

The court ordered a lump sum payment of alimony *pendente lite* in the amount of $17,500, exactly one-half the amount in the parties' joint savings account. Defendant contends the trial court erred in ordering the lump sum payment since adjudication of the parties' respective rights in the joint account was not a proper matter to be settled at the hearing on alimony *pendente lite*. We agree.

The purpose of alimony *pendente lite* is to provide the dependent spouse with reasonable living expenses during the pendency of litigation. As stated by Higgins, J., in *Sguros v. Sguros,* 252 N.C. 408, 412, 114 S.E. 2d 79 (1960) : "A *pendente lite* order is intended to go no further than provide subsistence and counsel fees pending the litigation. It cannot set up a savings account in favor of the plaintiff. Such is not the purpose and cannot be made the effect of an order."

"Unlike the question of subsistence *pendente lite* or temporary child custody, the matter of disputed ownership of considerable assets will turn on determination made in the context of a final hearing on the merits of all the claims and assertions." (Emphasis added.) *Guy v. Guy,* 27 N.C. App. 343, 348,

219 S.E. 2d 291 (1975). In this case the court acted prematurely. A determination of the rights to the joint savings account was a matter for final hearing on all the merits, and not for hearing on alimony *pendente lite.*

Defendant's second argument that the court erred in making findings of fact not supported by the evidence is without merit.

That portion of the court's order directing payment of alimony *pendente lite* to plaintiff in a lump sum of $17,500 is vacated. The remaining portions of the order are affirmed.

Vacated in part.

Affirmed in part.

Chief Judge BROCK and Judge PARKER concur.