CATHERINE B. BLACK v. JAMES C. BLACK

No. 7626DC138

(Filed 4 August 1976)

Divorce and Alimony § 18— alimony and counsel fees pendente lite — scope of hearing

Since the final merits of an action are not before the trial judge upon a *pendente lite* hearing and the judge may not determine the ultimate property rights of the parties, the trial court in this action for alimony and counsel fees *pendente lite* erred in decreeing that the common law of N. C. providing that the husband is entitled, during coverture, to the rents and profits from property held by the husband and wife as tenants by the entirety is unconstitutional.

APPEAL by defendant from *Robinson, Judge.* Order entered 15 September 1975 in District Court, MECKLENBURG County. Heard in the Court of Appeals 25 May 1976.

This action for alimony without divorce was heard upon plaintiff's application for alimony and counsel fees *pendente lite.*

The trial judge decreed that the common law of North Carolina providing that the husband is entitled, during coverture, to the rents and profits from property held by the husband and wife as tenants by the entirety is unconstitutional because it is in violation of the equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and Article I, Section 19 of the Constitution of North Carolina. He further decreed that plaintiff-wife was entitled to one-half the rents and profits from the property held by plaintiff and her husband as tenants by the entirety. Defendant was ordered to pay plaintiff one-half of such rents and profits.

The trial judge found that, except for his order concerning the rents and profits from the jointly held property, plaintiff

would be entitled to alimony and counsel fees *pendente lite*. However, because of his adjudication of plaintiff's rights to share the rents and profits, the trial judge did not order the payment of alimony or counsel fees *pendente lite*.

Defendant appealed.

*Waggoner, Hasty & Kratt, by William J. Waggoner and Robert D. McDonnell, for the plaintiff.*

*Warren C. Stack and Richard D. Stephens for the defendant.*

BROCK, Chief Judge.

The purpose of the speedy proceedings for alimony *pendente lite* is to give the dependent spouse subsistence and counsel fees pending trial of the action on its merits. This result places the dependent spouse on a more nearly equal footing with the supporting spouse for purposes of preparing for and prosecuting the dependent spouse's claim. The final merits of the action are not before the trial judge upon a *pendente lite* hearing. Therefore, upon a *pendente lite* hearing, the trial judge may not determine the ultimate property rights of the parties. *Kohler v. Kohler,* 21 N.C. App. 339, 204 S.E. 2d 177 (1974).

In this case the trial judge undertook to determine matters of constitutional proportions concerning the ultimate property rights of the parties. At this *pendente lite* stage of the proceedings, without consent of the parties to a hearing on the merits and waivers of jury trial, the trial judge was without jurisdiction to proceed in this action as he undertook to do.

The order appealed from is vacated, and the cause is remanded to the district court for such proceedings as may be appropriate.

Vacated and remanded.

Judges BRITT and VAUGHN concur.