WILLIE L. VINCENT v. ARTHUR H. VINCENT

No. 7828DC9

(Filed 7 November 1978)

**Constitutional Law § 26.6; Divorce and Alimony § 19.1— alimony awarded in N. C. —award terminated in Alabama—validity of Alabama decree**

An Alabama court which had *in personam* jurisdiction over plaintiff by virtue of her general appearance in a divorce proceeding instituted by defendant could terminate alimony payments awarded under an N. C. decree; the alimony payments could not be modified retroactively since Alabama could modify the decree only to the extent N. C. could, and N. C. could not modify the decree retroactively, absent a showing of sudden emergency; and the Alabama decree terminating alimony payments took effect immediately in that state and therefore took effect immediately in N. C., since the N. C. courts must give the Alabama decree the same effect which it had in Alabama.

APPEAL by defendant from *Allen (C. Walter), Judge.* Judgment entered 16 September 1977 in the District Court, BUNCOMBE County. Heard in the Court of Appeals 28 September 1978.

On 15 December 1972, plaintiff was awarded alimony without divorce in the amount of $800 per month in the Buncombe County District Court. From 1972 until 1975, plaintiff filed several motions in the cause seeking to enforce the alimony judgment and to hold the defendant in contempt for failure to comply with the 1972 judgment. In March 1977, plaintiff filed a motion in the cause seeking to collect $26,230.41 in arrearages due under the 1972 judgment. Defendant's reply alleged that the parties were divorced by the Circuit Court of Jefferson County, Alabama on 9 February 1976. The record shows that the plaintiff made a general appearance in that case. The plaintiff answered the complaint and requested a divorce, division of the property and alimony. The Alabama court granted the defendant-husband an absolute divorce and declined to award plaintiff-wife any alimony due to defendant's reduced income and ill-health. The plaintiff did not appeal from the Alabama judgment.

On 16 September 1977, a judgment was entered in the District Court of Buncombe County, which held that the Alabama decree cut off plaintiff's right to alimony as of 9 February 1976, and that the plaintiff was entitled to $16,030.41 in arrearages which had accrued as of 9 February 1976. From this judgment plaintiff appeals.

*Morris, Golding, Blue & Phillips by James Golding for plaintiff appellant.*

*Elmore & Elmore by Bruce A. Elmore, Jr. for defendant appellee.*

CLARK, Judge.

Plaintiff first contends that the Alabama court was not entitled to modify the prior North Carolina alimony decree. G.S. 50-11(d) provides that a sister state cannot terminate alimony payments awarded under a North Carolina decree when the supporting spouse obtains an *ex parte* divorce in that state. *See, e.g., Fleek v. Fleek,* 270 N.C. 736, 155 S.E. 2d 290 (1967).

In the case *sub judice*, however, the Alabama courts had *in personam* jurisdiction over the plaintiff-wife since she answered the complaint, counterclaimed and entered a general appearance in the Alabama proceeding. There are no North Carolina cases which consider this issue, and therefore this is a case of first impression.

It is generally accepted that where a "court has personal jurisdiction over both parties it is probably the wisest course for a state to require their property and alimony problems to be resolved by the court which divorces them. The interests of both parties are protected if they are afforded their 'day in court' — a full opportunity to urge their respective positions." Paulsen, Support Rights and an Out-of-State Divorce, 38 Minn. L. Rev. 709, 722 (1954); Lee, N.C. Family Law § 100 at 398 (3d ed. 1963). See, *Isserman v. Isserman*, 11 N.J. 106, 93 A. 2d 571 (1952).

In *Thomas v. Thomas*, 248 N.C. 269, 103 S.E. 2d 371 (1958), the North Carolina Supreme Court considered whether or not the North Carolina courts had the power to modify a custody and child support decree rendered by a Nevada court. The court noted that " '[a] court . . . has the power to modify a foreign decree indirectly by ordering the husband to pay more or less than was required by the foreign decree, where both states have the power to modify decrees . . . . The foreign decree has no constitutional claim to a greater effect outside the State than it has within the State.' " 248 N.C. at 272, 103 S.E. 2d at 373; 24 Am. Jur. 2d, Divorce and Separation § 987 at 1125; *Lopez v. Avery*, 66 So. 2d 689 (Fla. 1953); *Goodman v. Goodman*, 15 N.J. Misc. 716, 194 A. 866 (1937). The court held that the North Carolina courts were bound by the Nevada decree unless the plaintiff shows such changed conditions and circumstances to justify an increase in the allowance made by the Nevada court.

Both North Carolina and Alabama have statutory authority for the modification of decrees for alimony. G.S. 50-16.9; ALA. CODE tit. 30 § 2-51. Therefore, under the principles outlined in *Thomas*, the Alabama courts can modify a North Carolina alimony decree to the same extent that the North Carolina courts may do so. The Alabama decree concluded that the plaintiff-husband was "in bad health and that his income and earnings are substantially less than that of the Defendant." The Alabama court in effect

found that circumstances had changed since the entry of the North Carolina decree; since under North Carolina law, an alimony decree can be modified upon a showing of changed circumstances, the Alabama court was entitled to modify the decree.

The plaintiff contends that, assuming that the Alabama court could modify the North Carolina decree, it could only do so prospectively because the North Carolina decree was final as to arrearages. There are no North Carolina cases which directly hold that an alimony decree can be retroactively modified, although in *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963), the court indicated that a retroactive increase in child support might be permitted in a sudden emergency. In the case *sub judice*, there was no showing of any sudden emergency requiring a retroactive reduction in alimony. Therefore the 1972 judgment could not be modified retroactively in North Carolina and the Alabama courts are similarly precluded. *See, Thomas, supra.* The plaintiff is therefore entitled to recover the arrearages which had accrued as of 9 February 1976.

The plaintiff also contends that defendant's obligation to make alimony payments should continue until the Alabama divorce decree is brought to the attention of the North Carolina courts. There is a split of authority as to whether the defendant's obligation is extinguished at the entry of the foreign decree or continues until the defendant obtains a judgment in the home state which gives full faith and credit to the foreign decree. Annot., 49 A.L.R. 3d 1266, §§ 13, 14 (1973). The full faith and credit clause, U.S. Const., Art. IV, § 1, provides that the North Carolina courts must give full faith and credit to a decree rendered by a sister state, and must give it the same effect as it would have in that state. *Thomas v. Frosty Morn Meats, Inc.*, 266 N.C. 523, 146 S.E. 2d 397 (1966). The Alabama decree, under Alabama law, took effect immediately and the North Carolina courts must give it the same effect. The plaintiff's right to alimony was terminated as of the entry of the Alabama decree. In addition, the plaintiff in the case *sub judice* was present during the proceedings in Alabama and was fully aware of the provisions of the Alabama decree. There is no need to prolong the litigation by requiring the defendant to commence a third proceeding in this State to set aside the prior North Carolina judgment. Should the plaintiff attempt to en-

force the superseded decree, then the defendant may bring the Alabama decree to the attention of the North Carolina courts.

The judgment of the trial court is

Affirmed.

Chief Judge BROCK and Judge MARTIN (Harry C.) concur.