EGBERT L. HAYWOOD, JR., PLAINTIFF-APPELLANT v. MARY R. HAYWOOD, DEFENDANT-APPELLEE

No. 8814DC709

(Filed 5 September 1989)

1. **Divorce and Alimony § 18.10 — alimony pendente lite and counsel fees — retroactive award improper**

The findings of fact in this action did not support an award of alimony pendente lite and counsel fees retroactively from the approximate date the parties separated until the date of the entry of the order over three years later, where

HAYWOOD v. HAYWOOD

[95 N.C. App. 426 (1989)]

there had been no proper order entered with respect to alimony, since the element of urgency, emergency, and immediacy present in alimony pendente lite proceedings was totally lacking in this case; defendant's failure to pursue an alimony pendente lite action demonstrated a total lack of need for an order of temporary alimony and counsel fees; and defendant was able to support herself and employ counsel to protect her interests. N.C.G.S. § 50-16.3.

2. **Divorce and Alimony § 30 — equitable distribution — consideration of fatally defective temporary alimony order improper**

The trial court's equitable distribution order clearly took into consideration a fatally defective order for temporary alimony, and the equitable distribution order must therefore be remanded for new findings, conclusions, and the entry of a new order.

APPEAL by plaintiff from *LaBarre, Judge.* Orders entered 21 December 1987 and 22 December 1987 in District Court, DURHAM County. Heard in the Court of Appeals 13 March 1989.

Plaintiff and defendant were married on 3 March 1978. The parties separated on 3 July 1984, and in November 1984 defendant, then plaintiff, brought an action seeking permanent alimony and alimony *pendente lite.* Thereafter, on 5 July 1985, plaintiff filed a complaint seeking an absolute divorce. Defendant answered and requested an equitable distribution of the parties' property pursuant to G.S. 50-20 *et seq.,* alimony and counsel fees. An absolute divorce was granted on 20 September 1985. On 21 December 1987, an order was entered requiring plaintiff to pay defendant "temporary alimony" in the amount of $750.00 per month from 1 August 1984 through 30 June 1985 and requiring plaintiff to pay defendant "temporary alimony" in the amount of $1,400.00 from 1 July 1985 through 31 December 1987 and "continuing during the pendency of this action until such time as the said equitable distribution order entered simultaneously herewith is fully paid and executed." The equitable distribution judgment was entered 22 December 1987. This judgment divided the marital property equally between plaintiff and defendant. Thereafter, plaintiff filed motions pursuant to G.S. 1A-1, Rules 52, 59 and 62 to amend the alimony and equitable distribution judgments, or in the alternative for a new trial, and for a stay of enforcement of the alimony and equitable distribution judgments pending hearing on the motions. On 27 January 1988,

Judge LaBarre denied these motions except that Finding of Fact No. 16 in the judgment was amended to reflect the pendency of litigation against the estate of plaintiff's father, Egbert L. Haywood, Sr. Also on 27 January 1988, Judge LaBarre entered an amended alimony judgment and order. Plaintiff appealed from the equitable distribution judgment and order, the alimony judgment and order, and the order of the court denying his motions under Rules 52 and 59.

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr., and E. Elizabeth Lefler, for plaintiff, appellant.*

*Randall, Yaeger, Jervis & Hill, by John C. Randall, for defendant, appellee.*

HEDRICK, Chief Judge.

[1] The first question presented on this appeal is whether the trial court, under the circumstances of this case, erred in ordering plaintiff husband to pay defendant wife temporary alimony and counsel fees retroactively from 21 December 1987, the date of the entry of the order, to 1 August 1984, approximately one month after the date the parties separated. Stated another way, the question is whether the findings of fact in this case support an award of alimony *pendente lite* and counsel fees from approximately the date the parties separated and the date of the entry of the order, where there had been no prior order entered with respect to alimony.

G.S. 50-16.3 provides:

(a) A dependent spouse who is a party to an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce, shall be entitled to an order for alimony pendente lite when:

(1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and

(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof.

HAYWOOD v. HAYWOOD

[95 N.C. App. 426 (1989)]

(b) The determination of the amount and the payment of alimony pendente lite shall be in the same manner as alimony, except that the same shall be limited to the pendency of the suit in which the application is made.

The remedy of alimony *pendente lite* and counsel fees is intended to enable the wife to maintain herself according to her station in life and to employ counsel to meet her husband at the trial upon substantially equal terms. *Brady v. Brady*, 273 N.C. 299, 160 S.E.2d 13 (1968). The purpose of an award of alimony *pendente lite* is to provide for the reasonable and proper support of the wife in an emergency situation, pending the final determination of her rights. *Schloss v. Schloss*, 273 N.C. 266, 160 S.E.2d 5 (1968). The purpose of the speedy proceedings for support *pendente lite* is to give the dependent spouse subsistence and counsel fees pending trial of the action on its merits. This support puts the dependent spouse on a more nearly equal footing with the supporting spouse for purposes of preparing for and prosecuting the dependent spouse's claim. *Black v. Black*, 30 N.C. App. 403, 226 S.E.2d 858, *disc. rev. denied*, 290 N.C. 775, 229 S.E.2d 31 (1976). An order awarding support *pendente lite* is intended to go no further than provide subsistence and counsel fees pending the litigation. *Roberts v. Roberts*, 30 N.C. App. 242, 226 S.E.2d 400 (1976). The purpose of a hearing for alimony *pendente lite* is not to determine property rights or to finally determine what alimony the dependent spouse may receive if she wins her case on the merits, but instead it is to give the dependent spouse reasonable subsistence pending trial and without delay. *Kohler v. Kohler*, 21 N.C. App. 339, 204 S.E.2d 177 (1974).

The element of urgency, emergency and immediacy is totally lacking in the present case. While defendant might have maintained successfully a claim for alimony *pendente lite* and counsel fees from the date the parties separated, her failure to do so demonstrates a total lack of need for an order of temporary alimony and counsel fees. The record vividly discloses that defendant was able to support herself and employ counsel to protect her interests. In fact, she brought an action for alimony and counsel fees within a few months of the separation, yet she did not pursue that claim or a claim for alimony *pendente lite* from 1984 until the date the order was entered. The provision in the temporary alimony and counsel fees order that defendant must pay alimony "continuing during the pendency of this action until such time as the said equi-

table distribution order entered simultaneously herewith is fully paid and executed" is merely a lightly disguised effort to coerce plaintiff into complying with both orders. The order awarding temporary alimony and counsel fees is not supported by the findings and conclusions and must be reversed.

[2] Next we come to consider the order for equitable distribution dated 22 December 1987. G.S. 50-20(f) states:

> The court shall provide for an equitable distribution without regard to alimony for either party or support of the children of both parties. After the determination of an equitable distribution, the court, upon request of either party, shall consider whether an order for alimony or child support should be modified or vacated pursuant to G.S. 50-16.9 or 50-13.7.

In this regard we perceive a conscious effort, albeit largely unsuccessful, upon the part of the able trial judge not to violate the provisions of G.S. 50-20(f). The equitable distribution order, however, when considered together with the order for temporary alimony and counsel fees, clearly indicates it was not entered without regard to the order for alimony *pendente lite* and counsel fees. The two orders are interdependent. Therefore, since the equitable distribution order in the present case clearly took into consideration the fatally defective order for temporary alimony, we must vacate the order for equitable distribution and remand the cause to the district court for new findings, conclusions and the entry of a new order of equitable distribution. Such findings, conclusions and order will be made from the present record without further hearing.

> The result is: the order for alimony *pendente lite* and counsel fees is reversed; the order for equitable distribution is vacated and the cause remanded to the district court for further proceedings.

Reversed in part; vacated and remanded in part.

Judges WELLS and LEWIS concur.