HILL v. HILL

[105 N.C. App. 334 (1992)]

PEGGY L. HILL, PLAINTIFF-APPELLEE v. HENRY S. HILL, DEFENDANT-APPELLANT

No. 9126DC6

(Filed 18 February 1992)

1. **Divorce and Separation § 289 (NCI4th)— foreign alimony award—modification for changed circumstances**

    A district court which had jurisdiction over both parties had authority to modify a South Carolina alimony order upon a showing of changed circumstances.

    **Am Jur 2d, Divorce and Separation § 1139.**

2. **Divorce and Separation § 291 (NCI4th)— alimony—increase for changed circumstances**

    The trial court did not err in increasing a permanent alimony award to plaintiff based on a substantial change in circumstances where the court found that, after the original alimony award was entered, plaintiff was forced to file bankruptcy and to sell personal belongings to pay her bills, and that her actual needs and expenses have increased substantially while her income has increased only minimally.

    **Am Jur 2d, Divorce and Separation §§ 715, 716.**

3. **Divorce and Separation § 288 (NCI4th)— permanent alimony award—no retroactive modification**

    A permanent alimony award may not be modified retroactively absent a showing of a sudden emergency. Therefore, the trial court erred in making an increase in alimony retroactive from the date the motion for modification was first scheduled to be heard.

    **Am Jur 2d, Divorce and Separation § 734.**

    Judge COZORT concurs in part and dissents in part.

APPEAL from an order by *Judge Resa L. Harris* entered 24 July 1990 in MECKLENBURG County District Court. Heard in the Court of Appeals 8 October 1991.

*James, McElroy & Diehl, by William K. Diehl, Jr., for plaintiff-appellee.*

*William E. Lamb, Jr. for defendant-appellant.*

LEWIS, Judge.

The issue before this Court is whether the trial court erred when it retroactively increased a permanent alimony award and ordered payment of prejudgment interest on this amount.

Plaintiff and defendant were married 14 September 1951 and separated 1 May 1983. On 4 August 1983, the parties entered into a court approved order in South Carolina where the issues of alimony, child custody, and distribution of marital assets were settled. The defendant-appellant was granted an absolute divorce in Mecklenburg County, North Carolina on 20 May 1985. Plaintiff-appellee registered the South Carolina support order in Mecklenburg County on 18 December 1985. On 21 December 1987, the plaintiff filed a motion in Mecklenburg District Court requesting modification of the 1983 support order and judgment for alimony arrearages. The motions were scheduled to be heard on 9 February 1988, but were not actually heard until 28 September 1988. The judgment, entered 24 July 1990, denied defendant's motion for rehearing and retroactively increased plaintiff's prior alimony award from $900.00 to $1,500.00 per month. The trial court indicated that the continuances from the original hearing of this matter in February 1988 were without the fault of either party. Defendant appeals.

First, defendant alleges that the trial court erred by increasing the alimony award where plaintiff did not show any changed circumstances and where the court's findings of fact were not supported by the evidence. Defendant also claims as error the court's retroactive increase in the alimony award and its grant of prejudgment interest on the retroactively increased amount.

[1] As a preliminary matter, we address North Carolina's authority to modify the South Carolina support order. Modification of foreign alimony orders, to the extent possible under the law of the granting jurisdiction, is permitted in North Carolina where the trial court 1) obtains personal jurisdiction over both parties and 2) finds changed circumstances. N.C.G.S. § 50-16.9(c) (1987). South Carolina law permits the modification of alimony upon petition and a showing of changed circumstances. S.C. Code Ann. § 20-3-170 (Law Co-op 1976). Hence, the Mecklenburg District Court, which had jurisdiction over both parties, had the authority to modify the South Carolina support order upon a showing of changed circumstances. N.C.G.S. § 50-16.9(c) (1987).

In addition we note that once a foreign support order is registered pursuant to the Uniform Reciprocal Enforcement of Support Act, Chapter 52A, "the foreign support order may be enforced in the same manner as a support order issued by a court of this state. N.C.G.S. § 52A-30(a) (1984)." *Allsup v. Allsup*, 323 N.C. 603, 606, 374 S.E.2d 237, 239 (1988). Therefore, the Mecklenburg District Court had the authority to both modify and enforce the South Carolina support order at issue in this case.

A party seeking modification of alimony must show a "substantial" change of circumstances such that "the present award is either inadequate or unduly burdensome." N.C.G.S. § 50-16.9(a) (1987). *Britt v. Britt*, 49 N.C. App. 463, 470, 271 S.E.2d 921, 926 (1980). A substantial change is determined by a comparison of the facts at the time of the original order with the facts at the time modification is requested. *Broughton v. Broughton*, 58 N.C. App. 778, 294 S.E.2d 772, 775 (1982), *disc. rev. denied*, 307 N.C. 269, 299 S.E.2d 214 (1982). The facts to be considered are set out in N.C.G.S. § 50-16.5 (1987): the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case. *Rowe v. Rowe*, 305 N.C. 177, 287 S.E.2d 840 (1982), *appeal after remand*, 74 N.C. App. 54, 327 S.E.2d 624 (1985), *disc. rev. denied*, 314 N.C. 331, 333 S.E.2d 489 (1985). Findings of fact must be "sufficiently specific to indicate proper consideration of each of the factors established by N.C.G.S. § 50-16.5(a) (1987). . . ." *Spencer v. Spencer*, 70 N.C. App. 159, 170, 319 S.E.2d 636, 645 (1984).

[2] Defendant's first assignment of error challenges the basis for the increase in alimony. The trial court compared the facts as they existed at the time of the 1983 support order and as they existed in 1987. The court made the following findings:

At the time of the 1983 support order:

1) Defendant had a gross income of $3,975.00 per month with reasonable expense of $3,000.00 per month; retirement benefits, a credit union savings account, a 1979 car, an interest in a boat. He was in good health, had worked regularly, and had a good potential for earnings.

2) Plaintiff was an unemployed housewife who had reared five children. She had no earned income and no training to earn an income comparable to husband's income; her reasonable

monthly expenses were $1,000.00 per month; she had a 1982 car and some personal effects.

3) They held a tenancy in common in a West Virginia home and lot valued at $100,000.00

4) After the support order was entered, plaintiff moved to West Virginia and filed personal bankruptcy.

At the time of the present hearing:

1) The plaintiff is a 59 year old woman whose lack of marketable skills and serious medical problems prevent her from earning a substantial income. She was and remains substantially dependent upon defendant for support. She does not own any real estate or intangible assets and earns $400.00 per month as a night janitor. Her reasonable living expenses, since 1983, have ranged from $2,000.00 to $2,600.00 per month. Plaintiff's present need is $2,750.00 per month. Since the 1983 support order, she has been unable to enjoy a standard of living comparable to that of her married life. She has been forced to sell some of her personal property to pay her bills.

2) Defendant is a 63 year old man in good health. He was and remains the supporting spouse. His income has substantially increased since the 1983 support order, from $57,593.00 to $64,300.00. He remarried in 1985. His holdings include a furnished home, three lots, boat dock, boat with motor and two cars. Defendant has an income of $5,907.00 per month with actual reasonable expenses of $2,000.00 per month.

3) Since the 1983 support order was entered, his expenses have decreased, while his income has increased. The plaintiff's needs and expenses have increased substantially, while her income has increased minimally. Defendant's earning capacity and health is significantly better than the plaintiff's. Defendant is able to pay an increased amount of alimony to plaintiff.

4) Since the 1983 support order, conditions and circumstances have substantially changed regarding plaintiff's welfare, need for support, ability to support herself, and defendant's ability to pay.

5) Plaintiff is in need of and defendant is able to pay $1,500.00 per month. This amount is reasonable.

HILL v. HILL

[105 N.C. App. 334 (1992)]

In a non-jury trial, as here, the court's findings of fact are binding on appeal if they are supported by competent evidence, even if there is evidence which would support a contrary finding. *Beall v. Beall*, 290 N.C. 669, 228 S.E.2d 407 (1976). We have carefully reviewed the record in this case and find that there is sufficient competent evidence to support the court's findings of fact. A substantial change in circumstances is apparent in these facts. After the 1983 support order was entered, plaintiff was forced to file bankruptcy and to sell personal belongings to pay her bills. Her actual needs and expenses increased substantially, while her income increased only minimally. These are the financial changes of circumstances contemplated by N.C.G.S. § 50-16.9 (1987). The findings are sufficiently specific to indicate proper consideration of each statutory factor.

We note further that modification of an alimony award is in the discretion of the trial judge and will not be overturned absent an abuse of discretion. *Self v. Self*, 37 N.C. App. 199, 245 S.E.2d 541, (1978), *disc. rev. denied*, 295 N.C. 648, 248 S.E.2d 253 (1978). We find no abuse of discretion. The court's findings of fact on the statutory factors are sufficiently specific to justify an alimony modification, prospectively. Therefore, defendant's assignment of error as to the sufficiency of evidence is denied.

[3] Defendant's last two assignments of error challenge the trial court's order making the alimony increase retroactive with interest from the date when the case was first scheduled to be heard. As we agree that the alimony increase should not have been retroactive, we need not discuss the issue of prejudgment interest.

There is no statute nor is there case law in North Carolina which "directly hold[s] that an alimony decree can be retroactively modified. . . ." *Vincent v. Vincent*, 38 N.C. App. 580, 583, 248 S.E.2d 410, 412 (1978).

> [T]here is a pronounced conflict in the several states as to whether a court may cancel or *modify* installments that are past due. What has been called the "majority rule" is that a court has no power to change installments which have already become due. This so-called majority view is based on the ground that installments of alimony or support become vested when they become due. It often is said that statutes authorizing the modification of decrees for alimony or support are not to be given retrospective effect.

2 R. E. Lee, *North Carolina Family Law* § 152 at 241-42 (4th ed. 1980) (emphasis added). In accord with this "majority rule," this Court has held, by analogy to retroactive modification of child support orders, that there is no retroactive modification of alimony judgments absent a showing of "sudden emergency." *Vincent v. Vincent*, 38 N.C. App. 580, 583, 248 S.E.2d 410, 412 (1978).

The case at bar deals with the retroactive modification of a *permanent alimony award*. We note that there is case law dealing with temporary support awards which may permit retroactive alteration. In *Sikes v. Sikes*, 330 N.C. 595, 411 S.E.2d 588 (January 10, 1992), our Supreme Court held that an interim child support order could be modified because no final determination of the proper amount had been made. The Court indicated that the statute which prevents modification of past due child support payments, N.C.G.S. § 50-13.10(a) (1987), does not apply until a final order is entered. Pursuant to this reasoning, "[n]o showing of an emergency situation or a change in circumstances as required by *Fuchs* or *Ellenburger* was necessary." *Id.* at 599, 411 S.E.2d at 590.

*Sikes* is distinguishable from *Vincent* and the case at bar in that the former deals with temporary orders issued prior to a full hearing and a final determination of the proper amount whereas this case deals with a permanent support award. In *Sikes*, it was the "final determination" element of the equation upon which our Supreme Court focused when it held that the statutory prohibition against retroactive child support modifications did not apply. Though no similar statutory prohibition on retroactive alimony modification exists, case law prohibits such action. *See, Vincent.* As child support and alimony have similar purposes and functions, we apply the *Sikes* reasoning. Mrs. Hill was awarded permanent alimony of $900.00 per month. As a final judicial determination, it is subject to the prohibition against retroactive modification. Hence, the retroactive award in the case at bar must be reversed. We do not address the question of whether temporary alimony may be retroactively modified. *See, Haywood v. Haywood*, 95 N.C. App. 426, 382 S.E.2d 798 (1989), *disc. rev. denied*, 325 N.C. 706, 388 S.E.2d 454 (1989).

Fairness and the stability of judgments also dictate this result. The possibility of retroactive modification of a permanent alimony award creates an atmosphere of uncertainty. It is important that all parties to a suit be able to reasonably rely upon the finality of judicial rulings. Though support orders remain subject to modifica-

tion, there is nothing in these statutes which gives the supporting party notice or warning that he or she may be subject to an "unanticipated" debt by a court's retroactive award. Even though the filing of a petition for increased support alerts the supporting spouse to the potential for increased payments, the filing does not give notice as to the exact amount the court will augment the present award. In the interest of fairness, retroactive modification should not be permitted unless a compelling interest exists such as a sudden emergency.

In addition, we note a recent pronouncement from this Court; "*nunc pro tunc* orders are allowed only when 'a judgment has been actually rendered, or decree signed, but not entered on the record, in consequence of accident or mistake or the neglect of the clerk . . . provided [that] the fact of its rendition is satisfactorily established and no intervening rights are prejudiced.'" *Long v. Long*, 102 N.C. App. 18, 22, 401 S.E.2d 401, 403 (1991). *Nunc pro tunc* is defined as "now for then." Black's Law Dictionary, 965 (5th ed. 1978). It signifies "a thing is done now, which shall have the same legal force and effect as if done at a time when it ought to have been done." *Id.* Therefore, like any other court order, an alimony order cannot be ordered (*nunc pro tunc*) to take effect on a date prior to the date actually entered, unless it was decreed or signed and not entered due to mistake and provided that no prejudice has arisen.

In the case at bar, the record does not reflect that any court action was taken until 24 July 1990. Therefore, the alimony modification in question cannot be effective until 24 July 1990. To hold otherwise creates the potential for an onerous result. If a retroactive modification, back to the original date calendared for hearing or back to the filing date, applies to alimony increases, it must apply also to alimony decreases. Under this scenario, a dependent spouse would, by parallel logic, be required to pay the supporting spouse the difference between the old and new determinations of support. For an individual previously determined to be in need of support, this could be a devastating result. For the reasons stated above, we reverse the retroactive order of alimony and direct the increase to begin from the date decreed.

This case should not be construed to affect plaintiff's claim for arrearages.

The order increasing the alimony award to $1,500.00 per month is affirmed. The order making this alimony increase retroactive and awarding prejudgment interest is reversed.

Affirmed in part and reversed in part.

Judge ARNOLD concurs.

Judge COZORT concurs in part and dissents in part.

Judge COZORT concurring in part and dissenting in part.

I dissent with that portion of the majority opinion which holds that the trial court erred in making the alimony increase retroactive with interest from the date when the case was first scheduled to be heard. I concur with the remainder of the majority opinion.

In finding no basis to support a retroactive alimony increase, the majority relies heavily on *Vincent v. Vincent*, 38 N.C. App. 580, 248 S.E.2d 410 (1978). The majority has extracted from the *Vincent* opinion the doctrine that there can be no retroactive modification of alimony judgments absent a showing of "sudden emergency." While that language does appear in the *Vincent* opinion, I believe the *Vincent* holding was a slight misstatement of the case upon which the *Vincent* holding was based.

The precise holding in *Vincent* upon which the majority here relies is:

> There are no North Carolina cases which directly hold that an alimony decree can be retroactively modified, although in *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E.2d 487 (1963), the court indicated that a retroactive increase in child support *might be permitted in a sudden emergency*. In the case *sub judice*, there was no showing of any sudden emergency requiring a retroactive reduction in alimony. Therefore the 1972 judgment could not be modified retroactively . . . .

*Id.* at 583, 248 S.E.2d at 412 (emphasis supplied).

I do not read the *Fuchs v. Fuchs* case from the Supreme Court, relied upon by the *Vincent* court for the "sudden emergency" doctrine, to require a sudden emergency to support a retroactive increase. The *Fuchs* case involved a request for a retroactive in-

crease in child support. In finding no evidence to support a retroactive increase, the Supreme Court stated the following:

> Furthermore, the order making the increased allowance retroactive to and including February 1963, *without evidence of some emergency situation that required the expenditure of sums in excess of the amounts paid by the plaintiff for the support of his minor children*, is neither warranted in law nor equity.

*Fuchs v. Fuchs*, 260 N.C. 635, 641, 133 S.E.2d 487, 492 (1963) (emphasis added).

I believe the *Vincent* court was correct in applying the standard for a retroactive increase in child support to alimony cases. However, I believe the *Vincent* court misstated the rule enunciated in the *Fuchs* case by requiring that the party seeking a retroactive increase must show the existence of a "*sudden* emergency." I do not believe the above quoted language from *Fuchs* requires a *sudden* emergency. Rather, it requires only an emergency situation which requires the expenditure of sums in excess of the amounts previously determined to be necessary. I believe the plaintiff's evidence in this case demonstrates an emergency situation which requires the expenditure of sums in excess of the amount previously determined to be sufficient for alimony. As the majority opinion properly finds from the evidence, "plaintiff was forced to file bankruptcy and to sell personal belongings to pay her bills. Her actual needs and expenses increased substantially, while her income increased only minimally." (Majority slip opinion, page 5.) I believe this evidence qualifies as the showing of an emergency situation as contemplated by the Supreme Court in the *Fuchs* opinion.

I thus vote to affirm the trial court's order making the increase in alimony retroactive to February of 1988, the day upon which plaintiff's motion for an increase in alimony was first calendared. While I agree with the majority's concern that there should be some finality and stability in alimony judgments, I do not believe permitting a retroactive increase of this nature would be either unfair or create an atmosphere of unnecessary uncertainty.

The plaintiff filed her motion for an increase in alimony in December of 1987. It was first calendared to be heard in February of 1988. The defendant cannot argue that he has not been on notice of the plaintiff's situation and her need for increased amounts of

alimony. The defendant was served with the plaintiff's motion in December of 1987. I find nothing unfair about making the increase in alimony retroactive to February of 1988 when the plaintiff's motion for an increase was first scheduled to be heard. I would not approve of making an increase in alimony retroactive to a point earlier than the filing of plaintiff's motion in this case. However, based on the facts as found by the trial court herein, and my reading of the *Fuchs* case from the Supreme Court, I believe the trial court was correct in making the increase in alimony retroactive to February of 1988. I also believe the trial court was correct in allowing interest on those unpaid increases in alimony. I dissent from the majority portion holding to the contrary.