LEMONS v. LEMONS

[112 N.C. App. 110 (1993)]

JOAN BELL LEMONS, Plaintiff v. JACKSON B. LEMONS, JR., Defendant

No. 9210DC328

(Filed 21 September 1993)

**Divorce and Separation § 290 (NCI4th) — modifiability of alimony provisions — consent judgment provisions not integrated — sufficiency of evidence**

Evidence was sufficient to support the trial court's findings and conclusions that the previous order and consent judgment entered into by the parties was not integrated and was modifiable where the testimony of the parties and their attorneys at the time indicated that the parties would own their house as tenants in common and plaintiff would continue to live in it, but there was no indication that settlement on the marital property related to the support payments to be paid to plaintiff.

**Am Jur 2d, Divorce and Separation §§ 583, 699 et seq.**

Appeal by defendant from order entered 20 December 1991 by Judge Russell G. Sherrill in Wake County District Court. Heard in the Court of Appeals 9 March 1992.

The plaintiff-appellee instituted this action as a motion in the cause on 7 December 1989, pursuant to N.C. Gen. Stat. § 50-16.9, seeking an increase in alimony on the grounds of changed circumstances. The defendant-appellee resisted the motion, arguing that the previous order and consent judgment in the cause executed on 7 December 1978 was integrated and non-modifiable. Upon a hearing in Wake County District Court on 3 January 1990, the trial court concluded that the consent order and judgment was indeed modifiable. Without hearing evidence from the defendant, the court entered an order finding, *inter alia*, that the consent order and judgment was modifiable, that the circumstances of the plaintiff had changed since the entry of the order in 1978, and ordered an increase in alimony to be paid by the defendant.

From that order, defendant appealed, arguing that he should have been allowed to present evidence regarding the intent of the parties concerning "whether or not the provisions of the agreement were separable or integrated." This Court agreed and remanded the case to the trial court for an evidentiary hearing consistent with

its opinion. *Lemons v. Lemons*, 103 N.C. App. 492, 406 S.E.2d 8 (1991) (hereinafter *Lemons I*).

That hearing, from which this appeal arises, was held in Wake County District Court on 29 and 30 October 1991. Both parties and their respective counsel at the time of the original agreement testified. At the close of the evidence, the trial court found that the defendant had failed to prove by a preponderance of the evidence that the provisions for alimony contained in the agreement were integrated with the other provisions of the agreement. The court concluded once again that the agreement was modifiable and accordingly entered an order increasing alimony payments to plaintiff. Defendant appeals that decision.

*John Everette Noland, Jr. for plaintiff-appellee.*

*Luke D. Hyde for defendant-appellant.*

ORR, Judge.

Defendant argues three issues on appeal. First, he contends that the trial court erred in concluding that the order and consent judgment executed between the parties on 7 December 1978 was modifiable; second, that the trial court erred in determining that the defendant had failed to meet his burden of proof in showing that the above document was integrated and therefore non-modifiable; and third, that the trial court's findings of fact and conclusions of law are not supported by the evidence presented. We disagree with these contentions and accordingly affirm the decision of the trial court.

I.

Court-ordered support payments which are part of an integrated agreement are not subject to modification by the trial court nor do they terminate as a matter of law upon remarriage of the dependant spouse. *Marks v. Marks*, 316 N.C. 447, 342 S.E.2d 859 (1986). "If support provisions are found to be in consideration for, and inseparable from, property settlement provisions, the support provisions, even if contained in a court-ordered consent judgment, *are not alimony* but instead are merely part of an integrated property settlement which is *not* modifiable by the courts." *Id.* at 455, 342 S.E.2d at 864 (emphasis in original).

As this Court explained in *Lemons I*:

To resolve the question of whether an agreement is integrated or non-integrated, we look to the intention of the parties. If the agreement contains an unequivocal clause regarding integration or if it contains unequivocal integration language, then this clause or language controls. In the absence of an integration clause and of integration language, the trial court must hold an evidentiary hearing to determine the parties' intent. (Emphasis added.) At the hearing, there is a presumption that the provisions of the agreement are separable. The effect of this presumption is to place the burden of proof . . . on the party claiming that the agreement is integrated. In order to prevail, the party claiming the agreement is integrated must rebut the presumption by proving by a preponderance of the evidence that the parties intended an integrated agreement.

*Lemons*, 103 N.C. App. at 495, 406 S.E.2d at 10 (citations omitted).

Thus, at the evidentiary hearing mandated by this Court in *Lemons I*, the burden was on the defendant to show that the property settlement clause, which allowed the plaintiff to continue to live in the marital home and which agreed to "convert the formal ownership to tenants in common with rights of survivorship", was given in consideration for the support payments. "If the support and property provisions exist reciprocally, the order is considered to reflect an integrated agreement, and the support payments are not alimony in the true sense of the word. . . ." *Hayes v. Hayes*, 100 N.C. App. 138, 146, 394 S.E.2d 675, 679 (1990).

Mr. Lemons' testimony included the following:

Q. Part of the dispute in this case has to do with paragraph 7, about who is going to own the property. On page 6, 3011 Mayview Road, would you please read the first sentence of that paragraph to the Court.

A. The plaintiff shall be entitled to occupy and use the family residence located at 3011 Mayview Road, Raleigh, without payment of rent to the defendant as long as she remains unmarried.

Q. Does that have any provision in there that she will be able to occupy this property as long as she shall live?

A. No.

Q. Is there any provision anywhere in here that this property shall be her property without any control from you? Did you discuss that with your attorney?

A. It seems somewhere the property is supposed to be mutually owned.

Q. Do you remember in 1978, prior to signing this order in the court discussing with your attorney whether this property was going to be owned by her or owned by you or owned by both of you mutually or any conditions of its ownership?

A. I think it would be mutually owned; half of it was hers and half of it was mine.

Q. And that was the way you understand it?

A. Yes.

Q. Was that your understanding of how the property was owned when you separated from her; both of you-alls names was on the property?

A. Yes. Both of our names were on the property. Period.

The defendant did not indicate that he expected that the settlement on the marital property related to the support payments to be paid to the plaintiff. His original attorney testified that the intent was to "settle all things, the property included." The Court asked, in response to this statement, if it were not true that only the death of one or the other would settle the ownership of the property. The witness agreed that because the parties intended to create a tenancy in common with right of survivorship, that was the case. Mrs. Lemons testified that she did not intend to enter into an agreement which was not modifiable. Her attorney at the time of the drafting of the agreement also testified that they did not intend to create a non-modifiable agreement.

While the defendant did present some evidence of negotiation of the property issue at about the same time that other issues, such as custody, child support, and alimony were being discussed, the trial court found that this showing was insufficient to overcome the presumption that the agreement was separable. Consequently, the agreement could be modified by the court upon a showing of changed circumstances. *White v. White*, 296 N.C. 661, 252 S.E.2d 698 (1979).

## II.

We further find that there is no merit in defendant's final argument that there was insufficient evidence to support the trial court's findings of fact and conclusions of law. Upon appellate review of a case heard without a jury, the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary. *Chandler v. Chandler*, 108 N.C. App. 66, 422 S.E.2d 587 (1992).

In his findings of fact, the trial court stated:

22. On July 16, 1990, a decision of the Court of Appeals was filed in which this matter was remanded to this court for a hearing on the intention of the parties in agreeing to the Order and Consent Judgment of December 7, 1978.

. . .

24. At the hearing,. . . Mr. Lemons testified that he did not discuss with his attorney, Mr. Hatch, whether the child support provisions in the Order could be changed, or whether the alimony provisions could be changed. Mr. Lemons testified that it was his belief that the provisions with respect to alimony could not be changed, but he did not remember discussing this question with his attorney or with counsel for his wife.

25. The Order and Consent Judgment signed on December 7, 1978 contains a provision which provides that the parties would convert the formal ownership of the real property owned by them to tenants in common with rights of survivorship. At the hearing . . . Mr. Lemons did not testify that this provision was inserted in the order in exchange for his undertaking to pay alimony. The testimony of Mr. Lemons was that it was his understanding that, the way his order was written, if Mrs. Lemons was ever to remarry, that they would sell the house and divide the property.

. . .

29. With respect to the wording in the Order and Consent Judgment, the court finds that the statement, "All matters and things between the parties have been compromised and settled" refers to the matters at issue, which were alimony, child custody and support. The undersigned finds that matters

relating to the real and personal property of the parties were not in issue in the action.

. . .

32. The court finds that from the evidence that the provisions in the Order and Consent Judgment of December 7, 1978, relating to the form of ownership and the possession of the family home on Mayview Road were negotiated separately from the question of alimony.

. . .

34. The court has carefully reviewed the language of the order of December 7, 1978, in view of the testimony of the parties, and finds that the Order, as it contains findings of fact and conclusions of law, is more likely a true alimony order than a separation agreement, and further finds that the language of the Order wherein it is stated that the parties have stipulated and agreed "that the plaintiff is entitled to permanent alimony", is an indication that true alimony, as opposed to support payments given as reciprocal consideration for the exchange of property, was intended.

Modification of an alimony award is in the discretion of the trial judge and will not be disturbed absent an abuse of discretion. *Hill v. Hill*, 105 N.C. App. 334, 413 S.E.2d 570 (1992). We find no abuse of discretion here. There was competent evidence in the record to support a conclusion by the trial judge that the 1978 agreement was modifiable and the agreement was not integrated. There is no question that substantial changes in circumstances were presented by the plaintiff. We therefore affirm the decision of the trial court in all respects.

Affirmed.

Judges WELLS and MARTIN concur.