**IN THE COURT OF APPEALS AT NASHVILLE**

| | | |
|---|---|---|
| TERESA B. LETELLIER | ) | C/A No. 01A01-9903-JV-00157 |
| | ) | DAVIDSON JUVENILE |
| Petitioner-Appellant | ) | No. 9819-43919 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| STEVEN G. LETELLIER | ) | |
| | ) | |
| Respondent-Appellee | ) | |

FILED

September 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

APPEALED FROM THE JUVENILE COURT OF DAVIDSON COUNTY

THE HONORABLE BETTY ADAMS GREEN, JUDGE

Jon S. Jablonski
2400 Crestmoor Road, Suite 321
Nashville, TN 37215

      Attorney for Petitioner-Appellant

Gregory D. Smith and Andrea Taylor McKellar
Farris, Warfield & Kanaday, PLC
424 Church Street, Suite 1900
Nashville, TN 37219

      Attorneys for Respondent-Appellee

REVERSED AND REMANDED

**Houston M. Goddard, Presiding Judge**

CONCUR:

FRANKS, J.
SWINEY, J.

O P I N I O N

      Goddard, P.J.

This is an appeal from the Juvenile Court's order transferring this child support case to a Virginia court due to lack of subject matter jurisdiction. Teresa B. LeTellier, Petitioner-Appellant, raises the following issues which we restate:

> I.  Whether the Juvenile Court had in personam jurisdiction over Respondent-Appellee to modify the support order entered by the Superior Court of the District of Columbia.
>
> II.  Whether the Juvenile Court had subject matter jurisdiction to modify the support order entered by the Superior Court of the District of Columbia.

Steven G. LeTellier, Respondent-Appellee, raises an additional issue which we restate:

> III. Whether the judge erred in transferring the case to an unknown tribunal in Virginia.

We find the Juvenile Court possessed personal jurisdiction over Mr. LeTellier and subject matter jurisdiction to modify the child support order. We reverse and remand this case to the Juvenile Court of Davidson County.

The Superior Court of the District of Columbia, Family Division, Domestic Relations Branch, awarded custody of the parties' minor child, Nicholas J. LeTellier, to Ms. LeTellier on May 22, 1989. In addition, the Superior Court ordered Mr. LeTellier to pay child support. On July 24, 1997, Ms. LeTellier filed a petition to modify child support in the Superior Court of the District of Columbia. The Superior Court dismissed the petition for lack of subject matter jurisdiction and *forum non conveniens* on July 13, 1998. Mr. LeTellier filed a petition to reduce support on September 17, 1998 in the Juvenile Court of Arlington County, Virginia. On September 21, 1998, Ms. LeTellier filed a petition to register the foreign order and to modify the award of child support in the Juvenile Court of Davidson County, Tennessee, which was amended on September 29, 1998. The Virginia

2

court dismissed Mr. LeTellier's petition on October 16, 1998 for lack of in personam jurisdiction over Ms. LeTellier. By order dated December 31, 1998, Referee Rosenberg dismissed Ms. LeTellier's petition because he found the Juvenile Court of Davidson County, Tennessee lacked subject matter jurisdiction to modify the support order. Judge Adams affirmed Referee Rosenberg's findings upon rehearing on February 23, 1999, but she ordered the petition be transferred to the appropriate tribunal in Virginia.

<u>In Personam Jurisdiction</u>

On November 30, 1998, Mr. LeTellier filed a motion to dismiss in the Juvenile Court of Davidson County for lack of subject matter jurisdiction. Ms. LeTellier filed a response to the motion to dismiss. In Mr. LeTellier's reply to Ms. LeTellier's response, Mr. LeTellier contested personal jurisdiction for the first time in a pleading. Mr. LeTellier contends that, during the hearing for a continuance, counsel explained a continuance was needed "since Appellee was planning to contest personal jurisdiction." A transcript of the hearing on Mr. LeTellier's motion to continue was not provided to this Court in the appellate record. The Referee did not address the issue of waiver in his order dismissing Ms. LeTellier's petition, but he found the Juvenile Court had personal jurisdiction over Mr. LeTellier pursuant to Tennessee Code Annotated section 36-5-2201(6).

Ms. LeTellier contends the Juvenile Court can assert jurisdiction over Mr. LeTellier pursuant to Tennessee Code Annotated section 36-5-2201(2) or (6). Under T.C.A. § 36-5-

2201(2), a Tennessee court may exercise personal jurisdiction over a nonresident to establish, enforce, or modify a support order if the nonresident consents, enters a general appearance, or files "a responsive document having the effect of waiving any contest to personal jurisdiction." Under T.C.A. § 36-5-2201(6), a basis for jurisdiction over a nonresident is "the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse." The Referee found section (6) applicable to this case.

In personam jurisdiction may be waived by a party "if there is no objection to personal jurisdiction in the first filing, either a Rule 12 motion or an answer." Landers v. Jones, 872 S.W.2d 674, 676 (Tenn. 1994). The Tennessee Supreme Court further explained that "courts should only find a general appearance that waives a defendant's right to contest personal jurisdiction when the defendant has recognized the proper pendency of the cause by making a motion that goes to the merits or by filing an answer, without challenging personal jurisdiction." Landers, 872 S.W.2d at 677. Tennessee Rule of Civil Procedure 12.08 provides that the defense of lack of personal jurisdiction is waived when not presented in a motion or answer. We find Mr. LeTellier's motion to dismiss for lack of subject matter jurisdiction was a general appearance constituting a waiver of personal jurisdiction because a contest to personal jurisdiction was not part of his motion to dismiss. See 6 C.J.S. Appearances § 23 (1975 & Supp. 1999).

Moreover, UIFSA provides an additional basis for finding personal jurisdiction over Mr. LeTellier. Mr. LeTellier

4

engaged in sexual intercourse in Tennessee and the child may have been conceived in Tennessee. See T.C.A. § 36-5-2201(6). We affirm the Referee's finding that the Juvenile Court possessed personal jurisdiction pursuant to T.C.A. § 36-5-2201(6).

## Subject Matter Jurisdiction

The statute governing subject matter jurisdiction of Tennessee courts over child support orders issued by other states is within the Uniform Interstate Family Support Act (UIFSA), codified at T.C.A. §§ 36-5-2001 to -2902. After the child support order of another state is registered in Tennessee, a Tennessee court may modify it if:

> (1) The following requirements are met:
>   (i)The child, the individual obligee, and the obligor do not reside in the issuing state;
>   (ii) A petitioner who is a nonresident of this state seeks modification; and
>   (iii) The respondent is subject to the personal jurisdiction of the tribunal of this state; or
> (2) The child, or a party who is an individual, is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed written consents in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order.

T.C.A. § 36-5-2611(a) (1998). If the requirements of the previous section are not met, another section provides for subject matter jurisdiction when both parties reside in Tennessee and the child does not reside in the issuing state. See T.C.A. § 36-5-2613 (1998). Under UIFSA, Tennessee courts only have subject matter jurisdiction for the very specific situations previously described.

The facts of this case do not fit within the situations for which Tennessee courts have subject matter jurisdiction. The

5

Petitioner-Appellant, Ms. LeTellier, is a resident of Tennessee. Under T.C.A. § 36-5-2611(a), the petitioner must be a nonresident of Tennessee. Under T.C.A. § 36-5-2613, both parties must be residents of Tennessee. The Respondent-Appellant, Mr. LeTellier is a resident of Virginia. Therefore, the Juvenile Court did not have subject matter jurisdiction pursuant to these provisions in UIFSA to modify the child support order issued by the Superior Court of the District of Columbia.

Ms. LeTellier argues Tennessee Code Annotated sections 36-5-2611 and 36-5-2613 do not apply to this case because these sections are excluded pursuant to Tennessee Code Annotated section 36-5-2202. When personal jurisdiction is asserted over a nonresident pursuant to T.C.A. § 36-5-2201, the other provisions of UIFSA do not apply because they are specifically excluded by T.C.A. § 36-5-2202. Ms. LeTellier contends the Juvenile Court can assert jurisdiction over Mr. LeTellier pursuant to T.C.A. § 36-5-2201(2) or (6).

When excluding the other sections of UIFSA which confer subject matter jurisdiction on a Tennessee court to modify the support order of another state, T.C.A. § 36-5-2202 states "the tribunal shall apply the procedural and substantive law of this state." There is substantive law, prior to the enactment of UIFSA, which supports the finding of subject matter jurisdiction of a Tennessee court to modify a child support order of another state. In some cases, Tennessee courts have found subject matter jurisdiction to modify support orders of other states when the child or one of the parties is a resident of Tennessee and Tennessee has in personam jurisdiction over the obligor. See

6

<u>Parker v. Parker</u>, 497 S.W.2d 572 (Tenn. 1973) (holding modification of child support order appropriate when Georgia resident filed petition against Tennessee resident who was no longer amenable to process of Georgia court); <u>Hood v. Munsey</u>, an unreported opinion of this Court, filed in Knoxville on August 13, 1993 (holding modification allowed under the Uniform Enforcement of Foreign Judgments Act, T.C.A. §§ 26-6-101 to -107); <u>Gilbert v. Gilbert</u>, an unreported opinion of this Court, filed in Knoxville on December 15, 1988 ("it is the general rule followed in Parker that where a court adopts as its own, a decree of a sister state, it assumes jurisdiction for the purposes of alimony and child support, the power to modify the foreign decree indirectly"). This case law supports the finding of subject matter jurisdiction to modify the child support order of the Superior Court of the District of Columbia.

In addition to Tennessee case law supporting the finding of subject matter jurisdiction, there is a federal statute which places subject matter jurisdiction in state courts for modification of child support orders of other states. The Full Faith and Credit for Child Support Orders Act (FFCCSOA) provides:

> A court of a State may make a modification of a child support order issued by a court of another State if--
>
> (1) the court has jurisdiction to make such a child support order pursuant to (i); and
> (2)(A) the court of the other State no longer has continuing, exclusive jurisdiction of the child support order because that State no longer is the child's State or the residence of any individual contestant; or
>    (B) each individual contestant has filed a written consent with the State of continuing, exclusive jurisdiction for a court of another State to modify the order and assume continuing, exclusive jurisdiction over the order.

7

28 U.S.C.A. § 1738(B)(e) (1998).  Under section (i), if neither of the parties nor the child resides in the issuing state, the party seeking modification must register the order in a State with jurisdiction over the nonmovant for the purpose of modification.  28 U.S.C.A. § 1738(B)(i) (1998).

Under the FFCCSOA, the Juvenile Court of Davidson County possesses subject matter jurisdiction to modify the child support order in this case.  The Juvenile Court possesses "jurisdiction over the nonmovant" as required by 28 U.S.C.A. § 1738(B)(I).  The District of Columbia is no longer the residence of the parties or the child.  Therefore, the District of Columbia no longer has continuing, exclusive jurisdiction over the child support order.

There is a conflict between the federal law, FFCCSOA, and the state law, UIFSA.  Federal law preempts state law when there is a conflict.  See Brown v. Brown, 847 S.W.2d 496, 499 (Tenn. 1993).  Although Tennessee law, UIFSA, fails to place subject matter jurisdiction in the Juvenile Court of Davidson County under these circumstances, the federal law, FFCCSOA, places subject matter jurisdiction in the Juvenile Court of Davidson County to modify the support order in this case.

In light of our disposition of Ms. LeTellier's issues, it is unnecessary to address the issue raised by Mr. LeTellier.

For the foregoing reasons the judgment of the Juvenile Court is reversed and the cause remanded.  Costs of this appeal are adjudged against Mr. LeTellier.

_____
Houston M. Goddard, P.J.


CONCUR:


_____
Herschel P. Franks, J.


_____
D. Michael Swiney, J.